## Hill *versus* Cooley.

*Action by endorsee against maker on altered promissory note.—Proof of lawfulness of alteration rests on plaintiff.—What alterations are material.*

1. In an action upon an altered negotiable note, by an endorsee against the maker, the burthen of proof that the alterations were lawfully made, is upon the holder.
2. Where, in a promissory note, the place of payment was added after it was signed, the alteration is material : and where there is no evidence to explain it, the note is inadmissible.

ERROR to the District Court of *Allegheny county.*

This was an action of *assumpsit* by Jake Hill against John Cooley. The plaintiff declared on a negotiable promissory note, of which the following is a copy, viz. :—

"$650. "Buena Vista, February 16th 1860.

"Four months after date, I promise to pay to the order of Miller & McGuier, six hundred and fifty dollars, without defalca-tion, value received.

"*Payable at N. Holmes & Son.*

"No. —. Due ———. "JOHN COOLEY."

Endorsed : "MILLER & McGUIER,

Buena Vista, Allegheny County, Pa.

"JAKE HILL."

On the trial of the cause, the plaintiff offered the note in evi-dence. Defendant's counsel admitted the genuineness of the signature of John Cooley, and of the endorsement of Miller & McGuier ; and that the body of the note and the endorsement of Miller & McGuier were in the handwriting of S. H. McGuier, one of the payees, but objected to the admission of the note in evidence, because the words "Payable at N. Holmes & Son" were added, as he alleged, after the making and delivery of the note, without the consent of the maker, and without any proof as to how the alleged alteration was made ; that the alteration was material and patent upon the face of the note.

The note on which suit was brought was printed with a vignette at the left hand, and was filled up by writing in the proper place the amount, in figures, the date, the time when it was to become

due, name of the firm to whose order it was made payable, the amount, and the signature of the maker.

Commencing under the words "value received," and running upwards between them and the signature of John Cooley, were written these words, "Payable at N. Holmes & Son."

The court (HAMPTON, J.) was of opinion that the words referred to were inserted after the note was signed, and that the alteration was material and patent on the face of the paper, and therefore refused to admit it, without some explanation as to how or by whom they were written; which was the error assigned by the plaintiff in error here.

*Thomas M. Marshall* and *A. W. Brown*, for plaintiff in error, argued that the weight of authority upon this subject seems to be to the effect, that the materialness and legal effect of an alteration are purely questions of law for the court; and the other questions, viz., whether there be an alteration, but the time of it, the manner of it, by whom it was made, with what authority, or what design, or on what grounds, are all questions of fact for a jury: Pars. on Notes and Bills 576. That there was no patent or manifest alteration of the note sued upon. The defendant admits the genuineness of his signature, and of the endorsement, but alleges that the words "Payable at N. Holmes & Son" were added after the making and delivery of the note. The handwriting is uniform, and seems to have been executed with the same pen and ink, and by the same hand. We do not think there is anything suspicious about the appearance of the note, and if there was, it would certainly be a question for the jury. The plaintiff, in the present case, desired to submit the note to the inspection of the jury, and he had the right to do so. There was nothing about the note that indicated that it had been altered or tampered with after its execution; and it devolved upon the defendant to establish his defence, to wit, that the words "Payable at N. Holmes & Son" had been added to the note after its execution and delivery. We cannot find a case wherein the question of fact as to the alteration or non-alteration of a written instrument was withheld from the jury, and decided by the court. If the question is doubtful, upon an inspection of the writing, a jury should decide it; but in the present case, there was no presumption against the genuineness of the note, and it should have been allowed to go to the jury, like other evidence in a cause.

We think the learned judge erred in deciding "that the words referred to were inserted after the note was signed." That was the very question involved in the issue, which should have been submitted to the jury. The Southwark Bank *v.* Gross *et al.*, 11 Casey 80, was exactly like the present case. The defendants pleaded and gave evidence tending to prove that certain words

[Hill v. Cooley.]

were added after the execution of the note, making it payable at a particular place. The note was admitted in evidence, and the question of fact left to the jury.

*C. Hasbrouck*, for defendant, contended that it was apparent on the face of the paper, that the words "Payable at N. Holmes & Son" were interlined after the note was signed by the maker. This was a material alteration, patent on its face, and vitiated the note, unless the holder could account for it. The note was therefore rightly rejected: Simpson v. Stackhouse, 9 State Rep. 186; Kennedy v. Lancaster County Bank, 18 Id. 347; Paine v. Edsell, 19 Id. 180. In the case cited by plaintiff's counsel, 11 Casey 80, this question, as to the onus of proof, was not raised nor decided. It is no explanation to say that these words are in the handwriting of S. H. McGuier, one of the payees, the same as the body of the note; for if so, it should have been shown by what authority he added them after the note was signed. It was then an evident alteration by the payee.

The opinion of the court was delivered, November 5th 1863, by

WOODWARD, J.—The words "Payable at N. Holmes & Son" were alleged to have been added to the note after it was signed, and appearances favoured the allegation. They were admitted to be in the handwriting of one of the payees who wrote the body of the note, and they certainly look as if added after the signature. Had they been written in a straight line from where they started, they would have interfered with the signature, but they slant upward so as to avoid it, and thus give the paper a very suspicious aspect.

Now the question is, on whom, in such circumstances, was the onus of explaining the words? In other words, would a legal presumption arise from inspection of the paper, that the words were added after signature, or would the law presume them rightly written until the contrary was shown?

All the authorities cited in argument bear against the plaintiff in error, while Simpson v. Stackhouse, 9 Barr 186, is conclusive in favour of the ruling below. According to the doctrine of that case, the endorsee, who sues this note, took it with its imperfections on its head, and was bound to come into court prepared to explain them. The words added were a material alteration, and were as suspicious as similar words in Simpson v. Stackhouse.

The court below was reversed in that case for not putting the onus upon the plaintiff, and of course we are not to reverse the court for doing so in the present case. The argument is, that the court should not have withdrawn the question from the jury. The answer is, that there was no question for the jury, because

[Hill *v.* Cooley.]

there was no evidence tending to explain the suspicious addition. Left upon legal presumptions, the case was for the court, and we think it was properly ruled.

The judgment is affirmed.