## Hartley & Co. *v.* Corboy, Appellant.

*Promissory Notes—Visible and material alterations—Evidence—Indorser.*

A promissory note which shows on its face a material alteration, is not admissible in evidence without an explanation of the alteration showing that it was lawfully made.

Plaintiff claimed to recover against an indorser on a renewal note for four months. The evidence showed that the note was changed, by reason of plaintiff's refusal to accept it as at first written, and without the knowledge of the defendant, from four months to ninety days, the latter time being written over the former and both being plainly visible. *Held*, that plaintiff could not recover.

|  |  |
|---|---|
| 150 | 23 |
| 155 | 437 |
| 150 | 23 |
| 169 | 572 |
| 150 | 23 |
| 174 | 69 |

| 150 | 23 |
|---|---|
| 21 SC | 105 |
| 150 | 23 |
| f 28 SC | 628 |
| f 28 SC | 630 |

| 150 | 23 |
|---|---|
| 38SC | 381 |

| 150 | 23 |
|---|---|
| 225 | 559 |

Argued May 10, 1892.　Appeal, No. 228, Jan. T., 1892, from judgment of C. P. Bedford Co., April T., 1891, No. 159, on verdict for plaintiff, in assumpsit on promissory note. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

The evidence, on the trial before BAER, P. J., is stated in the opinion of the Supreme Court. The note in suit was given to renew a prior note for the same amount between the same parties. After the time was changed from four months to ninety days and an additional indorser added, plaintiff wrote the name of the new indorser on the face of the note, but subsequently

erased it before maturity. Upon maturity, demand was made upon the note as a three months' note, and when it was not paid, as a four months' note. Plaintiff's statement claimed to recover on a note at four months.

After plaintiff's testimony was given as to the alterations, but without showing who made the one relating to time, or that defendant knew of it, the note was offered in evidence and received, under objection and exception that the material alterations had not been accounted for and that it was not shown that they were made with the consent of the original indorser.

Defendant's point and the answer refusing it were as follows : " If the jury believe from all the evidence in this case, that the note in question, bearing date Oct. 21, 1890, was originally drawn at four months, payable to the order of James Corboy, and by him indorsed, and that it was so taken to the bank of the plaintiffs, and there refused because they would not discount it for a longer period than 90 days, or that 'ninety days' was written over 'four months' as appears on the face of the note, and the bank requested an additional indorser, and that the note was afterwards returned to the bank with an additional indorser, C. P. Calhoun, after that of James Corboy, and that the note was altered from four months to 90 days without the consent of James Corboy, and after he had indorsed it; and that it was discounted by the bank, as a ninty-day note, and was accepted by them, then the verdict must be for the defendant. *Answer :* This point is refused, and the jury is directed to return a verdict for the plaintiffs for $517.66, with interest from this day, Sept. 17, 1891; the court reserving the question whether on the law of the case these parties are entitled to recover, and whether on proper motion made judgment should be entered in favor of the defendant *non obstante veredicto*."

The court afterwards ordered judgment to be entered on the verdict. Defendant thereupon appealed.

*Errors assigned* were (1) admission of note, quoting bill of exceptions but not note ; (2) refusal of point, quoting point and answer ; direction of (3) verdict for plaintiff ; and (4) judgment for plaintiff.

*Frank E. Colvin*, with him *John M. Reynolds*, for appellant. —An alteration in the time of payment in a bill is material

whether the time of its running is thereby shortened or lengthened: 3 Randolph, Com. Paper, § 1758; Chitty, 216; Daniels, 388.

The alteration and the acceptance by the bank fixed the character of the instrument and it was no longer the obligation assumed by the indorser; nor could it, in the nature of things, be restored to its original character, after change and acceptance, without the consent of the indorser. This view is sustained in Fulmer v. Seitz, 68 Pa. 237, which denies the authority of Kountz v. Kennedy, 63 Pa. 187, relied upon by the other side. Besides, in Koontz v. Kennedy, the alteration was innocent and the correction was made immediately on its being discovered that the indorser had not assented to the change: In our case the note remained in its altered state and was so produced and admitted in evidence. It was accepted as a note for ninety days. The alteration was patent, yet plaintiff accepted it without inquiry, and therefore negligently: Simpson v. Stackhouse, 9 Pa. 186.

Such alteration avoids the instrument, unless made with the assent of the parties to be affected by it, and the law casts on the holder the burden of disproving an apparent alteration: Neff v. Horner, 63 Pa. 327; Craighead v. McLoney, 99 Pa. 211.

An offer made by the indorser to renew the note after receipt of notice of the protest is not evidence of his knowledge of the alteration, no other proof of his knowledge or consent to the alteration having been given: Kennedy v. Lancaster Co. Bank, 18 Pa. 347.

The proof offered did not sustain the note in suit. In Stephens v. Graham, 7 S. & R. 505, it was held that proof of a note dated July 26th did not support a declaration for a note dated July 25th.

The note was not admissible without proof that the alteration was lawfully made: Heffner v. Wenrich, 32 Pa. 423; Hill v. Cooley, 46 Pa. 259; Clark v. Eckstein, 22 Pa. 507; Miller v. Reed, 27 Pa. 247; Paine v. Edsell, 19 Pa. 178.

One who has been intrusted with a promissory note by the maker to negotiate it, has no implied authority to make alterations in any material part. He cannot even make an alteration favorable to the maker: Coburn v. Webb, 56 Ind. 96; Lemay v. Williams, 32 Ark. 166; and cases cited in 1 A. & E.

Ency. of L., p. 506 and notes. And the fact that the agent is one of the joint makers does not alter the principle: Schnewird v. Hacket, 54 Ind. 248.

*Alexander King,* for appellee.—The note was not discounted as a three months' note, it was simply taken in place of another note upon which defendant was an indorser.

There is no evidence of the condition of the note when Calhoun indorsed it, and it can make no difference how many persons indorsed it after he put it in circulation.

The alteration was made by neither plaintiff nor defendant. It was therefore a mutilation or spoliation by a stranger, or, if not a stranger, by defendant's agent. Such act by a stranger does not change the legal operation of the instrument, so long as the original writing remains legible: 1 Greenl. Ev. § 566.

We are merely asking the enforcement of the contract which appellant made. The words "ninety days" are as foreign to the effect of the note sued upon as if they were merely blots of ink, and we may so treat it. The marring of the instrument was fully explained and the note was competent evidence.

We are not required to go the length the court permitted in Kountz v. Kennedy, 63 Pa. 187. In Fulmer v. Seitz, 68 Pa. 237, and Neff v. Horner, 63 Pa. 327, plaintiff sought first to recover on the altered instrument. The doctrine from Greenleaf, above, was referred to in the latter case.

Plaintiff had no hand in the alteration, and, as the allegata and probata agree, judgment for the plaintiff should stand: Worrall v. Gheen, 39 Pa. 397.

If there could be no recovery on the note in suit, appellant is liable on the note for which this was given: Ritter v. Singmaster, 73 Pa. 403; West Phila. Nat. Bank v. Field, 143 Pa. 473. And it would avail him nothing to reverse this judgment and put appellee to an action on the other note.

OPINION BY MR. JUSTICE GREEN, June 1, 1892.

Before the note in suit was offered in evidence, one of the plaintiffs, William Hartley, was examined as a witness on behalf of the plaintiffs, and testified to the circumstances in which the note was received and discounted. He said when the note was brought to them it " was drawn for four months,

with James Corboy as indorser." He further said that they concluded they would not accept a note for four months, and they sent it back to Steckman, the maker, with a message that they would not renew the note for four months, but would for three months with an additional indorser. He also testified that when it came back it was written just as it was at the trial, and was accepted " just as it was brought in." At the time of the trial, the words " ninety days " were written over the words " four months," and the name of another indorser, C. P. Calhoun, was added on the back of the note under the name of James Corboy.

The witness was asked : " Q. You accepted this note as a ninety days' note, I believe ? A. Yes ; as ninety days. It looked like ninety days and it looked like four months ; we accepted the note, and it did not make any difference to us whether it was ninety days or four months. . . . . Q. When you first saw the note it was drawn ' four months after date,' was it not ? A. Yes, sir. Q. And it had on the back there the indorsement of James Corboy ? A. Yes, sir. Q. When it was brought back to you the second time it was changed from four months to ninety days ? A. At ninety days we said we would have taken money for it. Q. And the additional name of C. P. Calhoun was on the back of it ? A. Yes, sir."

The witness also testified that he wrote the name C. P. Calhoun on the face of the note, that he made no inquiry how the change was made in the time of payment of the note, and that he took the note without inquiry.

It was thus affirmatively proved by the plaintiffs, and not at all disputed, that the fact of the alteration was known to them when they took the note, and, in respect of the name of the additional payee, it was altered by one of them. It only remains to be said that the alteration was perfectly apparent on the face of the note, as the words " four months," with the words " ninety days " written over them, were then, and still are, plainly visible. As the plaintiffs themselves declared, and sent word to the maker, that they would not discount the note at four months, but would do so at ninety days with an additional indorser, and as they had full knowledge of the change in the wording of the note, the alteration must be regarded as having been made at their suggestion. In these circumstances

the case comes most clearly within the operation of all our decisions upon this class of cases, and it is at once manifest that, when the note was offered in evidence without any explanation of the visible and material alteration, it should have been promptly rejected.

In Simpson *v.* Stackhouse, 9 Pa. 186, we said : " He who takes a blemished bill or note. takes it with its imperfections on its head.  He becomes sponsor for them, and, though he may act honestly, he acts negligently.  But the law presumes against negligence as a degree of culpability, and it presumes that he had not only satisfied himself of the innocence of the transaction, but that he had provided himself with the proofs of it to meet a scrutiny he had reason to expect."  In this case the plaintiffs have themselves proved their own negligence so that it must be regarded as an established fact.

In Heffner v. Wenrich, 32 Pa. 423, we said: " The note should not have been admitted, except in connection with evidence tending to explain the alteration, and then it should have been referred to the jury to say whether the alteration, if any, was made before or after the defendant parted with the note."

In Hill v. Cooley, 46 Pa. 259, we held that, in an action upon an altered negotiable note by an indorsee against the maker, the burthen of proof that the alterations were lawfully made is upon the holder.  To the same effect are Clark v. Eckstein, 22 Pa. 507 ; Miller v. Reed, 27 Pa. 244 ; Paine v. Edsell, 19 Pa. 178.

In Fulmer *v.* Seitz, 68 Pa. 237, the same doctrine was held, and also, " that one who makes a voluntary and unauthorized alteration of a written contract, and insists upon it by going to trial to recover upon the altered state of the instrument, has no *locus penitentiœ*, which, on his failure to establish his right to recover, will enable him to undo the wrong at the trial, and to stand as one who has made an innocent mistake and never has insisted upon his right to enforce it."

In Neff v. Horner, 63 Pa. 327, we said that " A voluntary alteration of a bond, note or other instrument under seal, in a material part, to the prejudice of the obligor or maker, avoids it unless done with the assent of the parties to be affected by it.  Such a wilful act differs from spoliation by a stranger, or accidental alteration done through mistake, where the instru-

ment remains effectual in law as it was before alteration. In respect to bills, notes and other commercial paper, the rule is even more stringent, the law casting on the holder the burthen of disproving an apparent, material alteration on the face of the paper. . . . The ground of the rule is public policy, to insure the protection of the instrument from fraud and substitution."

In Craighead v. McLoney, 99 Pa. 211, Chief Justice Sharswood said: " My own opinion is that the courts have gone far enough in permitting writings to be tampered with. . . . . . It is evident that any tampering with the instrument which imposes upon the party a burden or a peril, which he would not else have incurred, is an injury to him, and therefore material. It is a mistake to infer that whether the pecuniary liability is increased, or the time of payment changed, is the test. In these respects the party may be no worse, yet his rights and remedies on the instrument may be seriously affected. Wherever this is so, it does not matter that the alteration was entirely honest, with no fraudulent intent." The same doctrine was held and enforced in Marshall v. Gougler, 10 S. & R. 164.

In the present case not the slightest attempt was made to show that the alteration in the time of payment was made with the knowledge or consent of James Corboy, the defendant. In point of fact, he was examined as a witness and testified that he had no such knowledge, and no testimony in contradiction of this was given. The whole testimony presented the case of a deliberate attempt to change and alter the contract of indorsement, made by the defendant, upon a note payable at four months to one payable at ninety days, entirely without his consent. It matters not the least whether the alteration was made innocently or in the belief that such a change could lawfully be made without the consent of the indorser. It is against public policy to permit such things to be done, and the law will not tolerate it. The facts in the case of Kountz v. Kennedy, 63 Pa. 187, have no analogy to those of this case. This indorser might have been willing to indorse a note at four months and not willing to indorse one at three months, and as there is not the slightest evidence that he ever agreed or consented to the alteration in the contract he did make, or even had knowledge of it, the indorsement is invalidated as to him, and there can be no recovery against him. The assignments of error are all sustained.                                    Judgment reversed.