# Gettysburg National Bank *v.* H. C. Chisolm, Appellant.

*Promissory note—Alteration—Fraud.*

An alteration of a negotiable promissory note made by a visible inter-lineation of the words, " with interest at six per cent," without the knowl-edge or consent of the maker, renders the note absolutely void even in the hands of an innocent purchaser for value.

The rule of public policy which insures the protection of such an instru-ment from fraud and substitution will prevent the holder from amending his statement so as to waive the claim for interest and recover the princi-pal on the note as originally made.

Argued April 25, 1895. Appeal, No. 210, Jan. T., 1895, by defendant, from judgment of C. P. Huntingdon Co., Feb. T., 1894, No. 33, on verdict for plaintiff. Before STERRETT C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a promissory note. Before FURST, P. J.

At the trial plaintiff offered in evidence the following note:

| | | |
|---|---|---|
| $ 66-$\frac{66}{100}$ | *Huntingdon, Pa.,* Mar. 25 *189* 2 | |
| $\frac{\text{4 int.}}{70.66}$ | One year *after date,* I *promise to* | |
| *Pay to the order of* E. Bennett & Son *at the* | | |
| *First National Bank of Huntingdon, Pa.* | | |
| Sixty Six $\frac{66}{100}$ *Dollars,* | | |
| with interest at 6 per cent. 100 | | |
| *without defalcation for value received.* | | |
| *No.* 16597 *Due* 3/28 H. C. CHISOLM | | |

Mch 28

Mr. Waite: " The admission of the note is objected to, first, because it bears upon its face evidence of a material alteration in that the words ' with interest at six per cent ' are written in a different handwriting from that of the writing in the body of the note, and different from that of the maker, H. C. Chisolm, and interlined. And until the plaintiff shows affirmatively

that this alteration was made with the knowledge and consent of the defendant, the note is inadmissible."

By the Court: " We will admit the note for the present under the pleadings. Bill sealed." [1]

Mr. Bailey: " I ask leave to file the plaintiff's statement in this case declaring for the principal of this note but not for the. interest, in view of the testimony of Dr. Chisolm that he signed this note exactly in the same condition that it is at present, excepting that the words ' with interest at six per cent' were added since."

- By Mr. Waite: " It is objected to for the reason that it appearing upon the face of the note and according to the testimony of Dr. Chisolm that the words ' with interest at six per cent' were written in the note after it had been signed by him and delivered to Craine, which, if true, vitiates the note, and the plaintiff would not be entitled to recover."

By the Court: " This action was originally instituted before a justice of the peace by the Gettysburg National Bank against Dr. H. C. Chisolm. The Gettysburg National Bank is an innocent holder, being an indorsee of the note for value before maturity. The note upon its face is written ' with interest at six per cent.' These words immediately follow the amount of the note, $66.66. The note used is a printed blank. The words, ' with interest at six per cent' are written in a line not ruled, above the words ' without defalcation or value received,' and immediately after the word ' dollars ' in the note. Therefore, by inspection of the note there seems to be no particular carelessness on the part of the maker of the note in the execution of it. Nor is there anything on the face of the note that would indicate an alteration or addition, any more than if the words, ' with interest at six per cent,' were written after the words, ' for value received.' Our rules of court prescribe that in order to put in issue the execution of a written instrument the plea of non est factum must be verified by affidavit. There is no such plea in this case. And therefore we admitted the note under the pleadings. This shifted the burden upon the defendant in this issue. The defendant, Dr. Chisolm, has testified that when he signed the note the words, ' with interest at six· per cent,' were not in the note. They therefore have been added since the date of the note; between that and the 29th of April

when the note was discounted by the plaintiff. There is some evidence, the only evidence on the subject, that Mr. Craine added these words, ' with interest at six per cent.' He is not connected in any way with the Gettysburg National Bank, but seems to have been connected in some way with Bennett & Sons, the payees.

" The question now presented to the court for its determination is upon the application of the plaintiff after the defendant's testimony that there has been this addition to the note, to amend the statement by declaring upon the note as though it were written without interest. In other words, we regard the application as one to erase what was added to the note after the execution of it by the maker, thereby restoring it to its original condition. We are aware of the cases decided by the Supreme Court wherein it is held that a note having been altered innocently may be restored and placed in the same situation it was before suit brought. We are acquainted with the case in which an application to amend and to restore the note to its original condition after suit brought was denied by the Supreme Court, but in that case the party plaintiff asking leave to amend was the party who himself altered the note, and his right to amend after suit brought was denied. The principle upon which that case and other cases were ruled seems to the court to be predicated upon the doctrine that the party who committed the act is not permitted to take advantage of his own wrong. We know of no case decided in Pennsylvania that we can recall to memory where an innocent party was denied the right to restore an instrument of writing to its original condition, where he himself was not cognizant of the alteration, where there was nothing that attracted his attention to the alteration and where he himself did not fraudulently or otherwise make the alteration. We know of no case which punishes him by loss of the entire debt. On the contrary it seems to us that the true principle running through all our cases is, that where the rights of parties can be properly protected by the court, and no violence is done to either, and justice is made out between two innocent parties by restoring the contract to its original condition, as the application is made in this case.

" We say that we see no reason why it may not be done, and therefore we permit the amendment to be made and the declara-

tion to be filed in this case as upon a note for $66.66. We are not called upon now to rule upon the question whether the note upon its face was of that character that negligence might be predicated of the maker in executing it in the manner in which it was and is executed. This is waived by the plaintiff voluntarily asking leave to amend the pleadings so as to declare upon the note as described by the defendant in his testimony. We therefore admit the amendment, overrule the objection and seal a bill for the defendant." [2]

The court charged as follows:

" Gentlemen of the jury, the defendant offers no evidence affecting his liability to pay the face of this note with interest after maturity. And the plaintiff claims therefore the face of the note, with interest from its maturity on the 25th day of March, 1893, with costs of protest. The amount of the note is therefore $73.88. There being no defense to this amount, the clerk will take your verdict for that amount." [3]

Verdict and judgment for plaintiff for $73.88. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3) charge of the court as above, quoting it.

*George B. Orlady, H. H. Waite* with him, for appellant.—A holder ought not to accept a bill which has the least appearance of alteration: Simpson v. Stackhouse, 9 Pa. 186; Kennedy v. Bank, 18 Pa. 347; Paine v. Edsell, 19 Pa. 178; Hartley v. Carboy, 150 Pa. 23; Neff v. Horner, 63 Pa. 327; Fulmer v. Seitz, 68 Pa. 237. The case should have been left to the jury: Craighead v. McLoney, 99 Pa. 211.

The amended statement allowed by the court disclosed an entirely new cause of action—that of a note without interest. The plea of non est factum had been filed with non assumpsit, and the rule invoked did not in any way change the effect of the fraudulent alteration of the note. The verdict is directed under this amended statement upon a note which plaintiff never accepted, held or sued upon, and resort is had in the substitution of another obligation to relieve from an apparent and designed forgery: Bank v. Richmond, 121 Mass. 110; Woodworth v. Anderson, 63 Iowa, 503.

' , The onus of proof as to the alteration is upon the party alleging that it was made lawfully, but if it be doubtful whether the note has been altered, the preliminary question as to whether it has been altered is for the jury to determine: Clark v. Eckstein, 22 Pa. 507 ; Miller v. Reed, 27 Pa. 244; Heffner v. Wenrich, 32 Pa. 423 ; Hill v. Cooley, 46 Pa. 259.

  *John M. Bailey*, for appellee.—In this case the pleas were non assumpsit and non est factum, neither of which was verified, hence the note was properly admitted: McGovern v. Hoesback, 53 Pa. 176; Reese v. Reese, 90 Pa. 89 ; Medary v. Cathers, 161 Pa. 87.

  The amendment could not possibly do the defendant harm, as it introduced no new cause of action, and the amount claimed on the amended statement was less than the claim as it appeared in the transcript of the justice: Latshaw v. Hiltebeitel, 2 Penny. 257 ; Trego v. Lewis, 58 Pa. 463 ; Steffy v. Carpenter, 37 Pa. 41 ; Yohe v. Robertson, 2 Wh. 154 ; Schoneman v. Fegley, 7 Pa. 433 ; Wilson v. Jamieson, 7 Pa. 126.

  The mere fact of a change of an instrument of writing does not ipso facto avoid it: Kountz v. Kennedy, 63 Pa. 187 ; 1 Greenleaf on Ev. sec. 565.

  Under the circumstances of this case there was no reason, either in good morals or common honesty, why the defendant should not pay the amount he agreed to pay, and for which he received value: United States v. Spalding, 2 Mason, 478 ; 1 Greenleaf on Ev. sec. 566 ; 2 Parsons on Notes, 270 ; Worrall v. Gheen, 39 Pa. 388; Garrard v. Haddan, 67 Pa. 82.

  OPINION BY MR. JUSTICE GREEN, July 18, 1895 :

  It was an entirely undisputed fact in this case that the defendant's obligation in suit was altered, after it left him, and without his knowledge or consent. The alteration was made by a visible interlineation of the words " with interest at six per cent." That this alteration was not merely a fraud, but was also a criminal forgery of the instrument, is manifest upon the present state of the testimony. From the evidence given on the trial it appears that the alteration was made by the payees' agent, and as the payees are chargeable with knowledge of the state of the instrument when it came to them, and also

when it was used by them in bank, they must accept responsibility for the alteration. So far as the legal effect of the alteration is concerned it is quite as important, as if the note had been changed from sixty-six dollars to sixty-six hundred dollars. It is as much an alteration of the defendant's contract in the one case as it would have been in the other, and the alteration must be regarded as being made by the payees. There is no room for an inference, and there is no proof in the cause, that the alteration was made innocently. It was certainly done for the purpose of increasing the liability of the defendant, and that alone stamps the transaction with fraud and with guilt. It is not disputed, indeed is conceded, that there could be no recovery on this instrument by the payees. It is urged however that the plaintiff, being an innocent holder for value, can recover notwithstanding the alteration, because they propose to recover only the amount of the note as it was before the alteration. If such were the law forgeries by alteration would be protected by the law. The fraudulent payee would run no risk of loss because he would only have to transfer the note to an indorsee who might recover the original amount of the note by simply proving that he was innocent of the fraud. But the law is not so charitable to this class of persons. So far as the indorsee is concerned in this case, the note was not innocently acquired, because the interlineation was apparent on the face of the note, and was notice sufficient to put the plaintiff upon inquiry. The words "with interest at 6 per cent," do not occupy the whole line, but only a little more than half of it. These words look as if they were interlined and in point of fact they were so.

In Simpson v. Stackhouse, 9 Pa. 186, the added words were "Payable at the Bank of Pittsburg," but they were written at the end of the instrument, and the only circumstance upon which we held the plaintiff, the indorsee, responsible for the alteration was that the added words were in a different handwriting from the rest of the instrument, which was written by the defendant. GIBSON, C. J., said in the opinion, "The principle of the English cases is that an alteration so far apparent on the face of a bill or note as to raise a suspicion of its purity, makes it incumbent on the plaintiff to prove that it is still available, and that it is not incumbent on the defendant to dis-

prove it. . . . He who takes a blemished bill or note takes it with its imperfections on its head. He becomes sponsor for them and though he may act honestly he acts negligently. . . . Mr. Chitty says in his Treatise on Bills, p. 213, that a drawee ought not to accept a bill which has the least *appearance* of alteration, and it was not disputed at the trial that this note had that appearance or that the alteration was in a material part of it."

In Kennedy v. Bank, 18 Pa. 347, the action was brought by a bank, as holder, against the indorser, and it appeared that the date of the note had been altered from the 12th to the 13th of August. It was held that this alteration vitiated the note although the bank officers purged themselves of all knowledge of the alteration. We decided that it was not sufficient for the holder to show that the date was not altered *after* he received it; in order to recover, it was necessary for him to show that the alteration existed when the defendant indorsed it, or that he assented to the alteration.

In the case of Paine v. Edsell, 19 Pa. 178, the action was brought by an innocent holder against the indorser and it was alleged the date had been altered. The court below admitted the note in evidence saying, " But this note presents no such marks of alteration as make it necessary for the plaintiff to offer explanatory proofs. The date is disfigured by a blot, on which one of the figures is made, and very few written instruments are free from similar defects." But BLACK, C. J., said " In Simpson v. Stackhouse, 9 Pa. 186, it is decided on principles perfectly satisfactory, that an apparent alteration in a material part of a negotiable instrument avoids it, unless it be proved that such alteration was lawfully made, and the burden of proving how it was made is on the holder. That the note in question was altered in its date can be seen at a glance, and, inasmuch as no evidence was given to explain it the jury should have been instructed that the plaintiff was not entitled to recover."

This note, also, was in the hands of an indorsee of the payee, but that circumstance did not help his right of recovery. As it was not proved, and probably is not possible to prove, in the case at bar, that the alteration was lawfully made, it is difficult to see how, under the foregoing decisions, there can be any recovery.

In Neff v. Horner, 63 Pa. 327, the instrument upon which suit was brought was a promissory note in form, but the parties signed it with seals, making it substantially a bond. The parties signing it were a principal debtor and four sureties. When the paper was brought to the payee he declined to receive it unless the words, "interest semi-annually," were added. The principal debtor then added at the end of the instrument the words, "interest to be paid semi-annually," without obtaining the consent of the sureties. We held the instrument avoided by the alteration. AGNEW, J., said, "It seems to be settled that a voluntary alteration of a bond, note or other instrument under seal, in a material part, to the prejudice of the obligor, or maker avoids it, unless done with the assent of the parties to be affected by it, (citing numerous authorities). . . . In respect to bills, notes or other commercial paper, the rule is even more stringent, the law casting on the holder the burthen of disproving any apparent material alteration on the face of the paper." We held also that there could be no recovery of the principal without the interest. The court below had held that this could be done but in this respect we reversed the judgment saying, "The note was, therefore, avoided as to the sureties, and the court erred in holding that the plaintiff could recover the principal from all the parties, disregarding his claim for the interest. It is argued that a recovery of the principal sum does no harm, for to that extent the sureties bound themselves. But the conclusive answer is that stated by Mr. Greenleaf, supra, sec. 565. The ground of the rule is public policy to insure the protection of the instrument from fraud and substitution. The writing goes into the hands of the party who claims its benefit, and the purpose is to take away the motive for alteration, by forfeiting the instrument on discovery of the fraud. When the sureties signed it they had a right to have it delivered unaltered to the plaintiff. He was bound to know that the alteration was rightfully done, and that the penalty of his negligence, or his wrongful act, was the loss of the security."

A similar attempt to recover the principal without the interest was made, on the trial, in Fulmer v. Seitz, 68 Pa. 237, but we declined to permit it. The alteration there, as here, was of a promissory note to which the words, "interest payable semi-

annually," were added by the principal debtor at the end of the note. The alteration was made by the payee in the presence, and with the consent of the principal debtor. The suit was brought to recover the whole amount of principal and interest, and the note was signed directly by all the parties, three of whom were sureties. On the trial the plaintiff made application to strike out the added words and recover only the principal sum. This was refused by the court below and sustained by this court. AGNEW, J., said, " Failing to show his right to recover against them, because of his failure to prove their assent to the alteration, he fell directly within the rule of policy which forbids the recovery of anything upon the altered instrument. . . . One who makes a voluntary and unauthorized alteration of a written contract, and insists upon it by going to trial to recover upon the altered state of the instrument, has no locus penitentiæ, which, on his failure to establish his right to recover, will enable him to undo the wrong at the trial, and to stand as one who has made an innocent mistake, and never has insisted upon his right to enforce it."

In the present case the alteration was most probably made by an agent of the payee, and it was entirely without the knowledge and consent of the defendant who was the maker of the note. Of course the payee could not recover on the note for any amount, because it was an altered instrument, and is avoided altogether by public policy. Certainly he could not restore life to it by passing it over to an indorsee.

In Hartley & Co. v. Corboy, 150 Pa. 23, we reviewed the authorities upon this subject, and it is not necessary to do so again. There also an attempt was made to recover on the original state of the note before the alteration was made, and the court allowed it to be done, but we reversed the judgment without a venire, holding there could be no recovery of anything. We said, " It matters not the least whether the alteration was made innocently, or in the belief that such a change could be lawfully made without the consent of the indorser. It is against public policy to permit such things to be done."

In Hill v. Cooley, 46 Pa. 259, the action was by an indorsee of a note against the maker, and the alteration consisted in the addition of the words, " Payable at N. Holmes & Son," introduced between the end of the note and the signature of the

maker. The court below held that the alteration was apparent, and charged the indorsee with the duty of explaining it by proof that the maker consented to it. In the absence of such proof it was refused admission in evidence and this court sustained the judgment. WOODWARD J., said, "The words, 'payable at N. Holmes & Son,' were alleged to have been added to the note after it was signed and appearances favored the allegation. They were admitted to be in the handwriting of one of the payees who wrote the body of the note, and they certainly look as if added after the signature. . . . All the authorities cited in argument bear against the plaintiff in error, while Simpson v. Stackhouse, 9 Pa. 186, is conclusive in favor of the ruling below. According to the doctrine of that case the indorsee who sues this note, took it with its imperfections on its head, and was bound to come into court prepared to explain them."

The case of Kountz v. Kennedy, 63 Pa. 187, has no application as was well shown by AGNEW J., in Fulmer v. Seitz. In this case the action was originally brought before a magistrate and the whole amount of principal and interest was claimed and recovered. The transcript of the justice shows this, and, by rule of court, the transcript takes the place of the declaration, and therefore supports the allegation that the plaintiff sought to recover interest on the trial, until it asked leave to file an amended statement claiming only the principal without the interest. This was allowed by the court below, and in this, as we think, there was error. There is no merit in the objection that the pleas were not verified by affidavit. The note in question being before the court, and being shown by undisputed testimony to have been altered without the defendant's consent, and there being no evidence to explain the alteration, which was in a material part, or to show that it was lawfully made, was void as against the defendant, and no recovery could be had upon it.

Judgment reversed.

MITCHELL, J.: The alteration being in the same hand and ink as the rest of the note, the question of when it was made should go to the jury. I would therefore award a venire de novo.