## BRADY et al. v. BERWIND–WHITE COAL–MIN. CO.

(Circuit Court, E. D. Pennsylvania. May 17, 1899.)

### No. 33.

ALTERATION OF CONTRACT—MATERIALITY.

An alteration of a written contract by adding a provision thereto is material where, although the rights of the parties would be the same if no contract had been made on the subject covered by the provision, its incorporation in the writing would have rendered inadmissible parol proof of a different agreement, which, as the contract was written, would be competent.

On Motion for New Trial.

C. B. Taylor, W. H. Addicks, and Wm. B. Linn, for plaintiff.
H. C. Terry and O. E. Shannon, for defendant.

DALLAS, Circuit Judge. The most serious question arising upon the plaintiff's motion for a new trial relates to facts and circumstances which may be summarized as follows: A part of his claim was founded upon a writing which he alleged constituted a contract for the purchase and sale of 350 cars of coal. This paper was directly declared upon, and was set out in the statement of claim as follows:

"C. H. Lawrence, Broker.

"Fairmount, W. Va., May 15, 1894.

"C. H. Lawrence: You will please ship to Harsimus, Jersey City, N. J., for account Berwind-White Coal-Mining Company, of Philadelphia, three hundred and fifty cars of run of mine coal; same to be paid for at $1.45 f. o. b. cars at mine per ton of 2,000 lbs.; shipments to average twenty cars per day, and to commence not later than May 16th, 1894.

"[Signed] A. O. Tinstman."

When the original of this paper was offered in evidence, it appeared that the letters and words "f. o. b. cars at mine" had been interlined. The defendants therefore objected to its admission. The plaintiffs then claimed that the evidence theretofore presented and thereafter to be introduced would meet and overcome this objection. There being, however, no direct evidence adduced at any time in support of this position, the contention finally was that enough had been shown to at least warrant an inference that the interlineation had been made before execution, or, if made thereafter, that it had become known to and was acquiesced in by the defendant. I was not at all satisfied of this; but, deeming it inexpedient to immediately exclude the writing, I admitted it with the expectation that the question as to whether the jury should be finally permitted to consider it might be more advisedly determined at a later stage of the trial. Upon further reflection, I became convinced that the paper should not have been ad-

mitted, and also that, upon all the evidence, a finding by the jury, if permitted and made, that the alteration in question had been either rightfully made, or had been subsequently accepted by the defendant, could not possibly be sustained. Accordingly the defendant's motion to strike out the paper was granted, and the jury was instructed to regard it as being wholly out of the case. I am still of opinion that this course was, as the matter was then presented, entirely proper. But it is now for the first time denied that the alteration in question is material. I do not think that, in view of the persistent effort which was made to persuade the court that the added words, though material, had been rightfully inserted, this tardy suggestion that no such effort was necessary is entitled to very favorable consideration. In my opinion, however, the alteration cannot be regarded as an immaterial one. The argument which has been urged by the learned counsel for the plaintiff is fully answered by the judgment of the supreme court of Pennsylvania in the case of Craighead v. McLoney, 99 Pa. St. 211, where it was said:

"It is evident that any tampering with the instrument which imposes upon the party a burden or a peril which he would not else have incurred is an injury to him, and therefore material. It is a mistake to infer that whether the pecuniary liability is increased or the time of payment changed is the test. In these respects the party may be no worse, yet his rights and remedies on the instrument may be seriously affected. Whenever this is so, it does not matter that the alteration was entirely honest. * * * Any alteration which changes the evidence or mode of proof is material."

See, also, Hartley v. Corboy, 150 Pa. St. 23, 24 Atl. 295.

Now, in the present case, a main subject of controversy was as to the place of delivery. The jury were instructed that, in the absence of contract to the contrary, the coal became the property of the defendant when shipped for transportation, and neither party questioned the correctness of this statement of the law. But the defendant had adduced evidence to show that the actual agreement was that it was not to be chargeable for the coal until it had actually received it, and this, of course, the defendant would have been precluded from doing if the phrase "f. o. b. cars at mine" had been regularly comprised in the paper, inasmuch as the express terms of an instrument of writing may not be varied by oral proof. Therefore, under the cases cited, the materiality of the interlined words seems to be entirely plain.

The allegation that the court erred in excluding from the consideration of the jury "the evidence of custom in the sale of coal in West Virginia during 1894" was not pressed upon the argument. There was not sufficient evidence of the existence of the custom referred to, and, if there had been, the circumstances of this case were not such as to justify its annexation to the contract sued on. The several reasons which relate to the action of the jurors need not be considered in detail. The questions of fact were submitted wholly to them, and were ably argued by counsel during several hours. It is true that in telling the jury that the rule of law must be followed with respect to place of delivery unless the parties had varied that rule by agreement, I did say that I recalled no evidence of such an agreement, "but my recollection is not conclusive upon you." But of this statement the

defendant alone could have had any cause to complain. When I made it I must have had in mind that no specific contract upon the subject had been proved, for that there was evidence from which the jury might rightfully deduce the inference that the parties had agreed upon a place or places of delivery other than the point or points of shipment is unquestionable. Upon careful re-examination of the whole case, I find nothing which, in my opinion, would justify the court in setting aside this verdict, and therefore the motion for a new trial is denied.