## Sunday *v.* Dietrich.

*Promissory notes—Proof of execution—Evidence—Rules of court.*

Where a rule of court provides that in actions upon promissory notes if a copy of the note be filed thirty days before the trial, and notice of such filing, together with a copy of the instrument be served upon the defendant or his counsel not less than thirty days before the trial, the plaintiff will not be required to prove the execution of the note, or the handwriting of the parties; and it appears that in an action upon a promissory note no notice of the filing of a copy of the note had been given, nor had a copy of the note been served, it is error for the court to admit in evidence the note which upon its face showed unmistakable evidence of material alterations, without any evidence whatever explaining the alteration.

*Practice, C. P.—Affidavit of defense—Admission.*

In an action against several defendants, where one of the defendants has made an affidavit of defense, the plaintiff cannot take advantage of the affidavit as an admission, unless he offers it in evidence at the trial.

Where one of several defendants who were not partners makes an affidavit of defense, and it appears that he is not an agent of his codefendants, the affidavit cannot be considered an admission by the codefendants.

*Promissory notes—Alteration—Evidence.*

In an action upon a promissory note, where it appears on the face of the note that the word " order " had been stricken out, and the word " bearer " interlined, the note cannot be admitted in evidence until evidence has been produced by the plaintiff explaining the alteration.

*Evidence—Competency of witness—Parties dead—Act of June* 11, 1891, *P. L.* 287.

In an action against the makers of a promissory note by the administrator of the indorsee, the defendants are not competent to testify as to the condition of the note at the time it was made if disinterested persons alleged to have been present at the time of the transaction have not been called as witnesses.

Argued Dec. 5, 1900. Appeal, No. 13, Oct. T., 1900, by defendants, from judgment of C. P. Schuylkill County, May T., 1897, No. 82, on verdict for plaintiff in case of John A. Sunday, Administrator, etc., v. Neri Dietrich et al. Before RICE, P. J, BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on a promissory note. Before HENNING, J.

At the trial plaintiff offered in evidence the following note:

" 600.00.                    FRIEDENSBURG, PA., May 1st, 1891.

" Three years after date, for value received, we, or either of us, promise to pay Faulkner & Co., or bearer (the word order striken out by a horizontal line drawn through it), Six Hundred Dollars at the Safe Deposit Bank of Pottsville, Pa., with interest at 6 per cent. per annum, interest payable annually.

| | | |
|---|---|---|
| " NERI DIETRICH, | GEORGE A. KRAMMES, | W. A. STRAUB, |
| J. S. STOUDT, | E. J. REED, | F. H. BECK, |
| HARVEY FERREBE, | E. E. REED, | JOHN A. FERTIG, |
| FRANK BROWN, | LEWIS RHINE, | C. F. WAGNER, |
| C. W. FREEMAN, | JOSHUA NAGLE, | D. S. RILAND. |

2923 D. 2398

" ENDORSED.                    May 1—4

" Faulkner & Company without recourse.

" John Sunday for collection and credit of Hamburg Savings Bank, Hamburg, Pa.   J. Jerome Miller, Cashier."

Ex. D. Nov. 28, 1899. J. F. P.

Mr. Farquhar: We call attention with this, to lay ground

for the admission of this proof, to the declaration in this case and to the affidavit of defense which admits the execution.

Mr. Schalck: That we object to at this time.

Mr. Bechtel: Defendant's counsel objects to the receipt of this note in evidence, first, because it differs from the note described in the narr. in this case, in this respect: That the copy in the narr. makes the note payable to bearer without showing that the word "order" is crossed out, the copy is not a true copy of the note now offered in evidence. Second, because this note shows upon its face that the word "order" is crossed out, and "bearer" written over it, and before this note can be received in evidence it must first be shown that the word "order" was crossed out and the word "bearer" written over it before it was executed and delivered by these defendants.

Mr. Schalck: Also that the alteration of the note in a material portion of it appears from the face of the instrument and that such note thus altered is not admissible until the bona fides of the alteration are first proven. On the face of the instrument it is not admissible without explanatory evidence which the plaintiff is bound to produce in the first instance of the alteration and the circumstances under which it was made and when; that it is incumbent upon the plaintiff to prove that such alteration was made before the execution and delivery of the note, before the same is admissible in evidence.

The Court: In view of rule of court No. 3, and in view of the fact that one of the counsel for the defendants accepted service for all and appeared generally for all of them upon the appearance docket, and in view of this statement made in the affidavit of defense filed in this case on May 8, 1897, to wit: John S. Stoudt, one of the above named defendants, being duly sworn according to law, doth depose and say that he and the other defendants have a just, full and legal defense to the whole of the plaintiff's claim, the nature and character of which is as follows: The above suit is founded upon a promissory note dated May 1, 1891, for $600, given by your deponent other defendants to Faulkner & Brother, payable at Safe Deposit Bank three years after date, that this note was given to Faulkner & Brother, and so forth; the affidavit of defense being indorsed by said counsel, these words referring to the note now offered

in evidence, upon these statements, and for these reasons the objections are overruled and the offer is sustained.

Defendants except. Bill sealed. [7]

Mr. Schalck: It is proposed to prove by the witness on the stand (one of the defendants) that when this note was executed by him it was made payable to Faulkner & Company, or order, and not to bearer, and that the word " order " was stricken out and the word " bearer " inserted in the note in suit after the execution thereof by this witness; this it is proposed to prove, not by anything that occurred between the witness on the stand and John Sunday, the decedent, but by things that occurred between the witness on the stand and others, living and competent witnesses, namely, among others, one Reynolds, one John A. Sunday, and one Nees, the latter two, John A. Sunday and Nees, being in court here now, the one as the plaintiff in this case, and the other as a witness for the plaintiff; it is claimed that the witness is competent to testify to these matters, not only under the act of 1887, as already stated, but especially so under the act of 1891 just cited to the court, and the construction thereof in Irwin v. Patchen, 164 Pa. 52.

Mr. Farquhar: We renew our objection to the competency of the witness and the relevancy and the materiality of the testimony offered.

The Court: The proof proposed is to prove a state of facts that occurred during the lifetime of John Sunday, the deceased, in this case. The party offered here as a witness not having brought himself within the provisions of the act of 1891, or rather being improperly called, the occasion not yet having arisen for his calling as a witness, the objection is sustained and the offer is overruled.

Defendants except. Bill sealed. [8]

Mr. Schalck: We now renew the offer and propose to follow it up with evidence that at the time of the execution of this note by this defendant and the other defendants to Faulkner & Company, that the note was given in consideration of a certain stallion named Pierre, which was then at Friedensburg, and which was then sold by Faulkner & Company to the defendants in this case; that as a part of the transaction and of the occurrences between him, the witness on the stand, and the others present there, there was a written guarantee given by

Faulkner & Company, guaranteeing unto Neri Dietrich and other defendants that this stallion which was then sold by Faulkner & Company to these defendants for $2,500, $700 of which was paid at the time to Faulkner & Company, and $1,800 remaining unpaid, for which three notes were given for $600 each by these defendants, the note in suit being one, and that in and by said guarantee the said Faulkner & Company guaranteed the said stallion to be a reasonably sure foal getter, with proper care and handling, and made other guarantees therein stated, and agreed to replace him with another horse of the same breed and price if he should not prove so; that this transaction occurred between this witness and the parties herein already above named, still living and competent to testify, and who are here in court, and it is proposed to follow the evidence already offered by the evidence now offered to show a failure of consideration. This to be followed up by the proof of such failure of consideration; that the guarantee and the assurances entirely failed, and there was no consideration for the note in question and this is offered especially also in view of the fact that the note here given in evidence by this plaintiff shows that said note came into the hands of John Sunday, the plaintiff decedent, with an alteration upon the face of it; that he was bound to take notice not only of such alteration, but also affected by any and all equities that the defendants might have against Faulkner & Company or the holder of this note, the same as if it had been taken by Faulkner & Company after maturity of the note; that he is not a bona fide holder, and liable to all the defenses that may be made showing want of consideration.

Mr. Farquhar: Plaintiff objects, that the evidence already shows that John Sunday, the decedent whose administrator is the plaintiff in this case, died September 11, 1894, and the defendant on the stand is incompetent to prove anything that occurred prior to the death of John Sunday. The plaintiff furthermore objects to the relevancy, competency and materiality of the testimony offered, also that it is said to be in writing.

The Court: The objection is sustained, that is as to such testimony as is proposed to be offered by the verbal testimony of this witness. We consider such testimony illegal. If the offer includes any independent or separate testimony which does not come from the mouth of this witness, those are matters

which we will consider when they are separately offered, distinctly apart from that portion of the offer which includes any testimony to be given by the witness on the stand.

Defendants except. Bill sealed. [9]

The court gave binding instructions for plaintiff.

*Errors assigned* were (6) in giving binding instructions for plaintiff. (7–9) Rulings on evidence, quoting the bill of exceptions.

*E. W. Bechtel* and *W. F. Shepherd*, with them *A. W. Schalck*, for appellants.—The affidavit of defense on the merits of the case had answered its purposes, and there is nothing in it that savors of an admission that the note was altered before execution; and, if it were, it would estop Stoudt only, and not the other defendants: Nesbitt v. Turner, 155 Pa. 429.

In the absence of evidence to the contrary, the maker of negotiable paper is presumed to have issued it clear of all blemishes, erasures and alterations; and the burden of showing that a blemished instrument was defective when issued is upon the holder: Simpson v. Stackhouse, 9 Pa. 186; Paine v. Edsell, 19 Pa. 178; Miller v. Reed, 27 Pa. 244; Heffner v. Wenrich, 32 Pa. 423; Southwark Bank v. Gross, 35 Pa. 80; Frey v. Wessner, 1 Endlich's Woodward's Decisions, 145; Gettysburg Nat. Bank v. Chisolm, 169 Pa. 564; Winters v. Mowrer, 163 Pa. 342; Citizens Nat. Bank of Baltimore v. Williams, 174 Pa. 66; Neff v. Horner, 63 Pa. 327.

In the absence of a rule of court, the affidavit of defense has no bearing on the issue or evidence at the trial: Flegal v. Hoover, 156 Pa. 276; Dornenhower v. Stevens, 44 W. N. C. 264; Gettysburg Nat. Bank v. Gage, 4 Pa. Superior Ct. 505; Winters v. Mowrer, 1 Pa. Superior Ct. 47.

The defendants were competent witnesses: Hostetter v. Schalk, 85 Pa. 220; Karns v. Tanner, 66 Pa. 297; Pattison v. Armstrong, 74 Pa. 476; Oram v. Rothermel, 98 Pa. 300.

*S. B. Edwards*, with him *G. E. Farquhar*, for appellee.—The affidavit of defense and the pleadings in this case take it out of the rule casting on plaintiff the burden of explaining the alteration of the note before it could be offered in evidence: Jacoby

v. Westchester Fire Insurance Co., 10 Pa. Superior Ct. 171; Neely v. Bair, 144 Pa. 250; Whitehead v. North Huntingdon School District, 145 Pa. 418; Flegal v. Hoover, 156 Pa. 276.

The defendants were not competent: Pattison v. Armstrong, 74 Pa. 476; Kauss v. Rohner, 172 Pa. 488; Thomas v. Miller, 165 Pa. 216.

OPINION BY W. D. PORTER, J., April 16, 1901:

The court below admitted in evidence a promissory note which upon its face showed unmistakable evidence of material alterations, without any evidence whatever explaining said alterations. The learned judge based his ruling upon a rule of court in the following language : " In actions upon promissory notes or other instruments of writing, if a copy thereof be filed thirty days or more before the time of trial of any case, and notice of such filing, together with a copy of said instrument, be served upon the defendant or his counsel not less than thirty days before said time of trial, it shall not be necessary in the trial in court or before arbitrators to prove the execution thereof, or the handwriting of the parties, drawers or makers, but the same shall be taken as admitted, unless the defendant shall file an affidavit denying that the same was executed by him or with his authority, or that the handwriting is the proper handwriting of such parties." This is a very valuable rule of court, it was intended to simplify and shorten the trial of issues, and in trials which come within its province the court and jury ought not to be called upon to consider evidence touching matters with regard to which there is no dispute between the parties. In framing this rule the learned court below saw fit to embody certain conditions with which the plaintiff must comply before he can have the benefit of the rule. The incorporation of these conditions was, no doubt, wise and just ; the power of the court to impose the conditions was ample as its power to ordain the rule, and the rule can only be enforced under the conditions which it establishes. It is not shown by either the record or the evidence that notice of the filing of a copy of the note in question, together with a copy of said instrument, was served upon the defendants or their counsel, and it is admitted in the paper-book of the appellee that this was not done. The plaintiff had not complied with the conditions precedent to the enforcement of

this rule of court and he could take nothing by its terms. An act of assembly which confers a right upon the performance of a condition can only be invoked when the condition has been performed. There is no peculiar virtue in a rule of court which will permit it to be enforced without regard to the conditions clearly set forth in its terms, upon which suitors had the unquestionable right to rely. If the ruling of the learned judge below can be sustained, it must be upon some other foundation than upon this rule of court. Had the rule provided that upon the mere filing of a copy of a note the defendant should be required, without further notice, within thirty days to file an affidavit denying the execution of the instrument under penalty, upon default, of having the execution taken as admitted; or if it had been shown that the conditions of the existing rule had been complied with, the ruling of the learned judge would have been free from error: Jacoby v. Westchester Fire Insurance Co., 10 Pa. Superior Ct. 171; Neely v. Bair, 144 Pa. 250; Whitehead v. School Dist. of North Huntingdon, 145 Pa. 418. As the plaintiff was not in a position to take advantage of this rule of court he was left in precisely the position which he would have occupied if the rule of court had never been written. In the absence of a rule of court the affidavit of defense had no bearing on the issue, and if the plaintiff wished to take advantage of it as an admission, he was bound to offer it in evidence at the trial: Flegal v. Hoover, 156 Pa. 276. When under such circumstances, and unaided by any rule of court, an affidavit of defense is offered in evidence, it is for the consideration of the jury, and does not change the issue: Brown v. DeLattre, 6 Wharton, 429; Stockwell v. Loecher, 9 Pa. Superior Ct. 241. The learned counsel for the plaintiff did not offer the affidavit in evidence, but contented himself with calling the attention of the court to it for the purpose of determining the issues being tried. The affidavit was, therefore, not before the jury for the purpose of evidence, and there was, for their consideration, no evidence of an admission that the defendants had anything to do with the execution of the note. Under the procedure act of 1887 the defendants were not bound to plead specially, and the plea of non assumpsit placed upon the plaintiff the burden of making out his whole case. The defendant who made the affidavit of defense did not even allege that he was acting as the agent of

his codefendants, and if the affidavit had been in evidence it could not have been considered an admission by the other parties. These defendants were not partners, and the declarations of one were evidence against himself alone.

When the note was offered in evidence it appeared upon the face thereof that the word " order " had been struck out and the word " bearer " had been interlined immediately above the other alteration. The negotiability of this note was dependent upon the presence therein of either the word " order " or " bearer," for there were no other words employed which could give that character: Raymond v. Middleton, 29 Pa. 529. The alterations which clearly appeared on the face of the note were, therefore, in a material part of the instrument. It was not for the court to assume that the striking out of the word " order " and the interlineation of the word " bearer " were done at the same time. The parties to the contract may have intentionally stricken out the word " order," at the time of the execution of the instrument, for the purpose of destroying its negotiability, and the word " bearer " may have been subsequently interlined without authority, by some party whose interest it was to make the instrument negotiable and thus deprive the makers of a just defense. The burden was up n the holder of the note to produce evidence explaining these alterations before the note could be received in evidence : Simpson v. Stackhouse, 9 Pa. 186 ; Heffner v. Wenrich, 32 Pa. 423 ; Nagle's Estate, 134 Pa. 31 ; Nesbitt v. Turner, 155 Pa. 429 ; Gettysburg Nat. Bank v. Chisholm, 169 Pa. 564 ; Struthers v. Kendall, 41 Pa. 214 ; Hartley v. Corboy, 150 Pa. 23. The admission of the note in evidence, without requiring of the plaintiff an explanation of the alterations, was clearly erroneous.

This action was brought on a negotiable note, and the liability of the defendants to the plaintiff, if any existed, was a necessary part of the original contract. The action was directly upon the contract; John Sunday was dead and this action was brought by his administrator. The defendants made various offers to impeach the contract by the testimony of the several defendants. It is contended that the defendants were competent to testify to occurrences prior to the death of the plaintiff, for the reason that certain disinterested parties were alleged to have been present when the transaction occurred, and

that, therefor, the Act of June 11, 1891, P. L. 287 applies. The difficulty with the position of the defendants was that the alleged disinterested parties had not been called as witnesses, and the competency of the testimony was to be determined as of the time when it was offered: Roth's Estate, 150 Pa. 261; Thomas v. Miller, 165 Pa. 216; Kauss v. Rohner, 172 Pa. 481. The evidence of the defendants was properly rejected.

The judgment is reversed and a venire facias de novo awarded.