## McMillan v. Philadelphia Company, Appellant.

*Contract—Option—Oil lease—Forfeiture.*

An option is an unaccepted offer stating the terms and conditions on which the owner is willing to sell or lease his land, if the holder elects to accept them within the time limited. If the holder does so elect he must give notice to the other party, and the accepted offer thereupon becomes a valid and binding contract. If an acceptance is not made within the time fixed, the owner is no longer bound by his offer and the option is at an end.

The lessee in an oil lease covenanted to commence operations within sixty days, and complete one well on the leased premises within three months thereafter; and in case of failure to complete one well within such time he agreed "to pay thereafter as rental to the party of the first part for such delay the sum of twenty-five dollars per month until one well shall be completed." The duration of the term was three years "and as long thereafter as oil and gas shall continue to be found in paying quantities." It was provided that a failure to perform the contract or any of its conditions should render the lease null and void, and no longer binding on either party. Following the forfeiture clause were these words: "he (the lessee) having the option to drill the well or not or pay said rental or not as he may elect." *Held,* that the lease did not give to the lessee the option to refuse both to drill a well, or pay a monthly rental if it so pleased him, but that he was bound either to drill the well and so pay no rental, or to pay the rental, and not be compelled to drill the well.

Argued Oct. 31, 1893. Appeal, No. 202, Oct. T., 1893, by defendant, from order of C. P. No. 2, Allegheny Co., July T., 1893, No. 244, making absolute rule for judgment for want of sufficient affidavit of defence in favor of plaintiff, A. McMillan. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Rule for judgment for want of sufficient affidavit of defence, in assumpsit on oil lease.

From the record, it appeared that, on May 6, 1892, plaintiff executed an oil and gas lease to G. A. O'Hara, defendant's assignor. Material portions of the lease were as follows:

"The said party of the first part in consideration of one dollar in hand paid, the receipt of which is hereby acknowledged, and the stipulations, rents and covenants hereinafter contained, to be paid, kept and performed by the party of the second part, the said first party has granted, demised and let unto the said

party of the second part, his executors, administrators and assigns, for the sole and only purpose of drilling and operating for petroleum oil or gas, all that certain tract of land situated in Penn township, Allegheny county and state of Pennsylvania, bonnded and described as follows, to wit . . . .

" The said second party hereby agrees, in consideration of said lease of the above described premises, to give said first party one eighth of all the oil produced and saved from said premises.    And further agrees to give five hundred dollars ($500) premium, payable within sixty days after completion, per annum for the gas, from each and every well drilled on the above described premises.    The said second party to pay all damages to growing crops thereon or the fences.

" The said second party is to have and hold the said premises for the said purpose only for a term of three years next ensuing this day and year above written, and as long thereafter as oil or gas shall continue to be found in paying quantities.

" The party of the second part agrees to commence operations within sixty days, and complete one well on this farm within three months thereafter, unavoidable accidents excepted, and in case of failure to complete one well within such time, the party of the second part hereby agrees to thereafter pay as rental to the party of the first part for such delay, the sum of twenty-five dollars ($25.00) per month, payable at Masonic National Bank of Pittsburgh, Pa., and the party of the first part hereby agrees to accept such sum as full consideration, liquidation, and payment of all damage for any delays until one well shall be completed, and a failure to complete such well or comply with any of the foregoing conditions, or to make any of such payments within such time and at such place as above mentioned, renders this lease absolutely null and void, and no longer binding either party, and will revest the estate herein granted in the lessor and release the lessee from all his covenants herein contained, he having the option to drill said well or not, or pay said rental or not as he may elect."

No well was ever drilled on the farm.    After the lease was assigned to defendant company it paid the monthly rentals to Jan. 5, 1893, when it notified plaintiff it would no longer pay, and tendered back the lease, which plaintiff refused to accept. This suit was brought for the rent claimed to be due for the

following four months. Defendant filed an affidavit of defence denying its liability.

The court made absolute a rule for judgment for want of a sufficient affidavit of defence, in an opinion by WHITE, J., relying upon Galey v. Kellerman, 123 Pa. 491; Fennell v. Guffey, 139 Pa. 341; Ogden v. Hatry, 145 Pa. 640; Jones v. West Penn. Nat. Gas Co., 146 Pa. 204; Leatherman v. Oliver, 151 Pa. 646.

*Error assigned* was above order, quoting it.

*George B. Gordon, John Dalzell* and *William Scott* with him, for appellant, cited: Sherman v. Dill, 4 Yeates, 298; Williams v. Bentley, 27 Pa. 301; Williamson v. McClure, 37 Pa. 409; Wills v. Manufacturers Nat. Gas Co., 130 Pa. 225; Ray v. West Penn. Nat. Gas Co., 138 Pa. 576.

*Charles P. Orr, Thos. C. Lazear* with him, for appellee, cited: Ogden v. Hatry, 145 Pa. 640; Leatherman v. Oliver, 151 Pa. 646; Glasgow v. Chartiers Oil Co., 152 Pa. 48.

OPINION BY MR. JUSTICE WILLIAMS, December 30, 1893:

The distinction between an option and a contract of sale or lease is broad and plain. An option is an unaccepted offer. It states the terms and conditions on which the owner is willing to sell or lease his land, if the holder elects to accept them within the time limited. If the holder does so elect he must give notice to the other party, and the accepted offer thereupon becomes a valid and binding contract. If an acceptance is not made within the time fixed the owner is no longer bound by his offer and the option is at an end. A contract of sale or lease fixes definitely the relative rights and obligations of both parties at the time of its execution. The offer and the acceptance are concurrent, since the minds of the contracting parties meet in the terms of the agreement.

The instrument sued on in this case is treated by the defendant as an option. If that is its legal character then the defendants could elect not to accept its terms; but if the instrument is an agreement by which not one but both of the parties should be held bound, then the plaintiff is entitled to a verdict.

It becomes necessary to look at the terms of the instrument therefore to determine its character. It bears date on the sixth day of May, 1892, and recites that in consideration of one dollar in hand paid, and the rents, stipulations and covenants contained therein to be kept and performed by the party of the second part, the first party " has demised and let unto the party of the second part for the sole and only purpose of drilling and operating for oil or gas, a tract of land in Penn township, Allegheny county, bounded and described as follows, to wit." These are not the words of an offer or option, but of a contract taking effect as to both parties at its date. The specific terms and conditions follow, fixing the royalty, if oil is found, at one eighth of the product, and the price of each gas well yielding gas in quantities sufficient for utilization at five hundred dollars in money. The duration of the term is three years, " and as long thereafter as oil or gas shall continue to be found in paying quantities."

The lessee covenants to commence operations within sixty days and complete one well on the leased premises within three months thereafter, unavoidable accidents excepted ; and in case of failure to complete one well within such time, he agrees " to pay thereafter as rental to the party of the first part for such delay the sum of twenty-five dollars per month until one well shall be completed." The instrument is thus seen to contain mutual covenants which were binding upon the parties from the date of its execution. Following these covenants comes the forfeiture clause, which affords the lessor an additional method of enforcing the contract or ridding himself of an undesirable tenant. It provides that a failure to perform the contract, or any of its conditions, shall render the lease null and void and no longer binding on either party. This clause is for the benefit of the lessor, and he may assert the forfeiture, or forbear to do so : Leatherman v. Oliver, 151 Pa. 646 ; Liggett v. Shira, heard at the present term [reported below, page 350] ; Glasgow v. Chartiers Oil Co., 152 Pa. 48.

The only words on which it is sought to distinguish this case from those just cited, and turn this contract into an option, are those that follow the forfeiture clause, viz., " he (the lessor) having the option to drill the well or not or pay said rental or not as he may elect." These words must be construed in con

nection with the remainder of the contract and so that, if possible, its stipulations may stand together. The lessee had covenanted to do one of two things; to begin a well within sixty days and complete it within three months thereafter, or pay twenty-five dollars per month as rental for the privilege of doing so afterward, and within the three years which limited his term, unless oil or gas was found in paying quantities. The words relied on declare that he may do which he pleases. He may drill the well and so pay no rental, or he may pay the rental and not be compelled to drill the well. It is not for the lessor, but it is for the lessee to elect which he will do. This option was deducible from the stipulations of the lease, but the parties chose to put it in words and make it part of the contract. The contention of the defendant destroys the character of the whole contract. It makes the lessee say that he will drill a well within a given time, or, failing to do so, that he will pay a monthly rental, but that he will do neither unless it pleases him, and if he does neither he shall be liable in no manner for his breach of contract. Such a construction is so unjust and absurd that the words relied upon as requiring it must be plain and unambiguous, and must be incapable of an exposition in harmony with the body of the contract before we can consent to adopt it.

The judgment is affirmed.

Cf. Cochran v. Pew, below, page 184.