## T. V. McKee, Appellant, *v.* H. A. Colwell.

*Oil lease—Forfeiture—Condition—Covenants.*

An oil lease demised the oil and gas under the grantor's land with the right to go upon and operate the land for oil and gas purposes. The lease was to continue for ten years and as much longer as oil and gas were found in paying quantities. The consideration was a bonus of $100 and a royalty of one eighth part of the oil produced. The lease then proceeded as follows: "Provided, however, that this lease shall become null and void and all rights hereunder shall cease and determine, unless a well shall be completed on the said premises within three months from the date hereof, or unless the second party shall pay one hundred dollars per annum, payable twenty-five dollars quarterly for each year such completion is delayed from the time above mentioned for the completion of such well until a well is completed." *Held,* the lease contained no covenant on the part of the lessee to pay rent or develop the land. The only penalty imposed upon him for failure to operate the land or pay $100 per month for delay, was a forfeiture of his rights under the agreement.

The legal effect of the agreement is to confer on the grantee the right to explore for oil on the tract described. If he does not exercise this right within three months, it is lost to him, unless he chooses to pay $100 in advance, as the price of another year's opportunity to explore. If he does exercise it, and finds nothing, he is under no obligation to continue his explorations. If he explores and finds oil or gas, the relation of landlord and tenant, or vendor and vendee is established, and the tenant would be under an implied obligation to operate for the common good of both parties and pay the rent or royalty reserved. Glasgow v. Oil Co., 152 Pa. 48, followed.

Argued May 9, 1898. Appeal, No. 20, April T., 1898, by plaintiff, from judgment of C. P. Armstrong Co., Sept. T., 1896, No. 28, in favor of defendant on case stated. Before RICE, P. J., WICKHAM, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Case stated before RAYBURN, P. J.

The appellant's paper-book does not disclose the amount in controversy.

The facts upon which the opinion of the Superior Court is rendered are to be gathered therefrom.

*Errors assigned* among others were (1) in affirming defendant's first point as follows: "There being no covenants in the leases in suit whereby the defendant here undertakes or agrees to operate the territory demised or to pay the rental or penalty for neglecting to do so, the plaintiff cannot recover and judgment must be entered for the defendant." (2) In affirming defendant's second point, as follows: "Under the terms of these leases admitted in evidence, the defendant, H. A. Colwell, is not liable for the payment of any rent or penalties after the date of his assignment to H. E. J. Putney." (4) In directing judgment for defendant.

*M. F. Leason,* for appellant.—On the day when the three months in which a well ought to have been drilled expired, the leases, by written assignment, came into the possession of Frederick Wick. Mr. Wick exercised the option by paying $25.00 on account of rental. This was done in order to avoid a forfeiture of the leases. Once the choice has been made the option is ended. The present case we think is ruled by the case of McMillan v. Phila. Co., 159 Pa. 142.

*J. H. McCain* of *McCain & Christy,* for appellee.—These leases are distinguishable from the lease construed in McMillan v. Phila. Co., 159 Pa. 142, and the case is ruled, as the learned court below held, by Glasgow v. Chartiers Oil Co., 152 Pa. 48.

OPINION BY ORLADY, J., July 29, 1898:

The construction of the leases in this case is to be made in the light of Glasgow v. Chartiers Oil Co., 152 Pa. 48, and McMillan v. Philadelphia Co., 159 Pa. 142, in which Judge WILLIAMS of the Supreme Court most convincingly declares the distinctions between an option and a contract of sale, which cases clearly determine these leases as options, revocable at the pleasure of the lessee. In the first lease it is agreed that three wells shall be drilled, provided that gas or oil be found

in the first well, and in the second lease, that two wells shall be drilled, provided that gas or oil be found in the first well; but there is not in either lease any covenant that upon failure to drill a well he will pay the rental. By the terms of the leases it is optional with the defendant to pay the rent as it becomes due in order to avoid a forfeiture. The condition in regard to the wells to be drilled depends upon whether the first well is productive, and not upon the condition that they shall be drilled within three months. The lessee can either drill a well within three months or pay the rent stipulated for in the agreement, or he can elect to do neither, when the leases become forfeited.

The appellee assigned his interest in the leases on July 19, 1894, and on September 11, 1894, Wick became the owner of them with the knowledge and consent of the plaintiff. On January 1, 1895, Wick assigned them to Roberts, who on October 24, 1895, surrendered all rights therein and delivered them by mail to the plaintiff, who has since then retained them, with the authority to " do as you please with them." On June 20, 1895, Wick paid to the plaintiff $20.00 on one lease and $5.00 on the other, five months after he had assigned them to Roberts. .

The payments made by Mr. Wick after he had transferred his rights in them, cannot affect the liability of the appellee, whose rights were fixed before that event, and the appellee is not shown to have had any knowledge of the payments being made, nor did he ratify them after he knew of their payment.

The conclusion reached by the learned judge below in holding that the leases in suit are not similar to the one in McMillan v. Philadelphia Co., 159 Pa. 142, and that Glasgow v. Chartiers Oil Co., 152 Pa. 48, controls this case is, to our minds, correct, and the judgment is affirmed.