## Nulton v. Campbell.

*Defective paper-books—Failure to print pleadings—Nonsuit—Rules of court.*

Failure to print the pleadings when necessary to an understanding of the case is a violation of Rule 24 and subjects the appellant to nonsuit.

*Landlord and tenant—Return of personal property—Tenant's liability for balance of term.*

Under a lease pure and simple of personal property, the return of the property during the term does not release the lessee from liability for the balance of rent due under the lease.

Argued May 15, 1900. Appeal, No. 50, April T., 1900, by defendant, in suit of D. L. Nulton against Matilda Campbell, from judgment of C. P. Armstrong Co., Sept. T., 1898, No. 148, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Assumpsit. Before RAYBURN, P. J.

It appears from the record that suit was brought to recover $1,050, being second payment of rental under a lease for personal property which plaintiff leased in a hotel for the term of four years from date of lease, which contained a condition that defendant should pay $5,050, $1,000 cash, $1,050 inside of one year, $1,000 in two years, $1,000 in three years and $1,000 in four years from the date of the lease.

Other facts appear in the opinion of the court.

Verdict and judgment for plaintiff for $1,094.10. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Jas. H. McCain*, with him *H. N. Snyder*, for appellant.

*M. F. Leason*, with him *Calvin Rayburn*, for appellee.

OPINION BY BEAVER, J., October 8, 1900 :

The pleadings are necessary to an understanding of this case. They are not printed. Our Rule 24 is, therefore, vio-

lated. It might be well for us to hold, as has been done by the Supreme Court in Saxton's Estate, 195 Pa. 459, that "All paper books which are not prepared in conformity to the rules will be suppressed, and the appeals in such cases will be nonsuited." Greater care in conforming to our rules in relation to the preparation of paper books should undoubtedly be exercised and in considering this case we do not wish to be understood as in any way relaxing the requirements of our rules.

The case is an important one, however, and is clearly distinguishable from cases cited by the appellants, even upon the meager testimony offered in the court below and the incomplete manner in which it is presented to us.

Defendant leased from plaintiff the personal property in a hotel for the term of four years from the date of the lease, upon the condition that she should pay to the lessor $5,050: "$1,000 cash; $1,050 inside of one year; $1,000 inside of two years; $1,000 inside of three years, and $1,000 within four years from date of lease, June 29, 1897." The defendant entered into possession of the property and retained it until August of the following year, when it was surrendered to the plaintiff and removed by him. The time in August is not fixed. Whether before or after suit brought does not appear. The terms upon which the surrender was made and the property removed are not stated. There is an allegation that there was a contemporaneous agreement by the terms of which the defendant was to be entitled to the property, upon the payment of the last instalment of rent, but no such agreement appears in the testimony and, so far as the case is presented to us, it rested entirely upon the agreement above referred to, which is a lease pure and simple. The rent for which suit was brought accrued and was payable prior to June 29, 1898. The plaintiff had a right to sue for the same on that day. He undoubtedly could have released his right to this rent when the property was delivered to him but there is nothing in the testimony to show that he did so and no offer, to prove such an understanding, was made. The case, as presented to us, therefore, differs materially from Campbell v. Hickok, 140 Pa. 290. If there were facts which would have brought it within the principles therein decided, they do not appear. Plaintiff·surrendered no rights under his agreement by accept-

151, (1900).]          Opinion of the Court.

ing the property.   Whether the defendant made the surrender
in consideration of release from the three payments of $1,000
each which had not matured or from the overdue payment in
addition thereto does not appear.   If there had been such an
agreement, it would have been easy to show it, and that would
have carried the case to the jury.   Under the facts as presented,
we think the court was clearly right in directing the jury to
find for the plaintiff.

It is true, as contended for by the appellant, that there is no
express promise to pay the rent, but the obligation to pay is
clearly to be inferred from the terms of the lease.   There is no
analogy between the lease in this case and the oil and gas
leases construed in Glasgow v. Chartiers Oil Co., 152 Pa. 48,
and McKee v. Colwell, 7 Pa. Superior Ct. 607.

The judgment is affirmed.