## Emery, Appellant, *v.* Regester.

*Contract—Option to purchase coal land—Abandonment.*

Where an owner of coal land gives a written option to another to purchase the land, and agrees to furnish a complete abstract of title, and the vendee shortly before the expiration of the time mentioned in the agreement, notifies the owner of his intention to take the land and requests an abstract of title, and nothing further is done for two and one half years when a second request for an abstract of title is made, and the same is refused, and thereafter the owner sells the coal to another person, and the evidence tends to show that in doing so he acted in good faith on the assumption that the first purchaser had abandoned his contract, the owner will be liable only for nominal damages in an action against him for breach of contract. In such a case the title of the first vendee was not vested, but was merely inchoate.

While abandonment is a matter of intention, the intention to abandon is a fact to be found from all the facts and circumstances of the case.

Argued April 17, 1901. Appeal, No. 119, April T., 1901, by plaintiff, from judgment of C. P. Washington Co., Feb. T., 1900, No. 152, for plaintiff on case tried by the court without a jury in suit of J. W. Emery for use of J. E. Clark v. Z. T. Regester. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for breach of contract.

The facts are fully stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff for $1.00 and costs.

*R. W. Irwin,* for appellant.—It matters not whether the agreement in this case be treated as a valid contract from the

time of its execution, or whether it be treated as a mere option, because if it was an option only it became a binding contract immediately upon the acceptance of the coal: Smith's App., 69 Pa. 474; Frick's App., 101 Pa. 485; Sylvester v. Born, 132 Pa. 467; McSherry v. Askew, 1 Yeates, 79.

The defendants were bound to do the first act. They ought to have executed a conveyance and tendered it to the plaintiff, and if the plaintiff's counsel ought reasonably to have advised such a conveyance, it would have saved the penalty. If the plaintiff refused the deed, when tendered before the time, the propriety of the deed would come on to be decided by due course of law. The defendants having failed to do it, the plaintiff is entitled to judgment on the merits of the case: Dearth v. Williamson, 2 S. & R. 498; Sweitzer v. Hummel, 3 S. & W. 228; Mervin v. McFadden, 2 Watts, 132; Love v. Jones, 4 Watts, 465.

The conveyance of the coal to Barnes was itself a fraud upon the rights of the plaintiff which entitles him to recover substantial damages: Baldwin v. Munn, 2 Wend. 399; Hopkins v. Lee, 6 Wheat. 118; Pumpelly v. Phelps, 40 N. Y. 59; 3 Sedgwick on Damages, sec. 1006; Hennershotz v. Gallagher, 23 W. N. C. 280.

*T. F. Birch*, with him *J. W. & A. Donnan*, for appellee.— This case is ruled by Eberz v. Heisler, 12 Pa. Superior Ct. 388. On default by the vendor, without fraud, the vendee may recover for expenses necessarily or properly incurred on the face of the contract, with the consideration paid. When the default involves fraud, the measure of damages becomes enlarged; when no part of the consideration has been paid, and no expenses incurred, it is nominal: Lee v. Dean, 3 Wh. 316; Bitner v. Brough, 11 Pa. 127; Meason v. Kaine, 67 Pa. 126; Thompson v. Sheplar, 72 Pa. 160; McCafferty v. Griswold, 99 Pa. 270; Allison v. Montgomery, 107 Pa. 455; Rineer v. Collins, 156 Pa. 342.

OPINION BY ORLADY, J., July 25, 1901:

The plaintiff brought an action of assumpsit against the defendant to recover damages for the breach of a written contract. After the case was at issue, a trial by jury was dispensed with and it was, by an agreement filed, submitted to the court under

the Act of April 22, 1874, P. L. 109. By the article of agreement, the defendant agreed to sell and convey unto J. W. Emery, his heirs and assigns, all of the coal of the Pittsburg seam or river vein in and under certain described lands, together with the right of way into, upon and under the land for the purpose of digging, mining, ventilating, and carrying away the coal, etc., and the party of the first part (Regester) covenanted " on the payment of the purchase money as hereinafter provided, well and sufficiently, by lawful deed to convey the above described coal unto the party of the second part, (Emery) his heirs, and assigns forever." The consideration named was $30.00 per acre, one third of which was to be paid on October 1, 1896, (afterwards extended to December 1, 1896), " or as soon thereafter as the title shall be examined and accepted by the party of the second part, (the party of the first part to furnish complete abstract of title) and the remainder to be paid in two equal annual payments with interest from the date of the first payment. Deferred payments to be secured by bond and mortgage on the coal sold. . . ." The agreement concluded as follows : " And it is further agreed by the parties hereto that the party of the second part shall have the option of taking said coal according to the stipulations of the above agreement until the first day of October, A. D. 1896, and on the payment of the purchase money at any time before said first day of October, A. D. 1896, he shall be entitled to a deed, as hereinbefore provided, and in case the said party of the second part shall fail to pay the purchase money for said coal on or before the first day of October, A. D. 1896, or elect not to take the same then the agreement shall be null and void and the parties mutually released therefrom." By indorsement on the written agreement " the option" was extended to December 1, 1896. On November 25, 1896, J. W. Emery assigned all his right, title and interest in the option to J. F. Clark, his heirs or assigns, and Clark, the assignee, on December 1, 1896, left at the residence of Regester a paper signed by Clark witnessed by Emery, and directed to Regester as follows : " I hereby accept and elect to take your coal under the terms and conditions of an option given by you to J. W. Emery and by him assigned to me," and requested that an abstract of title be furnished to him (Clark) as soon as possible. For nearly two and a half years nothing further was done in the matter, when on July 3,

1899, Clark again asked for an abstract of title and after refusal he brought on January 30, 1900, this action to recover damages.

Regester never furnished an abstract of his title to Clark. In July, 1898, he gave to Strathers & Carr an option to purchase the same coal on the same terms, which option expired by their default on June 1, 1899, when he gave a similar option at the price of $40.00 per acre to James R. Barnes who elected to comply with the option terms, and on January 17, 1900, Regester executed and delivered a deed to Barnes for the premises. The court below held that Clark was entitled to the abstract of title from Regester when it was requested on December 1, 1886, and that not furnishing it within a reasonable time thereafter constituted a breach of the contract sufficient to support the action.

Under the terms of the agreement, the duty of furnishing the abstract of title was on Regester. He admits that he agreed to do this and that he did not do it. If the request for the abstract was made in good faith by Clark, to be followed by a tender of the one third of the purchase money, the liability of Regester was fixed as of that date. Clark's ability to pay is not seriously questioned but it is contended that the acceptance and election by Clark was not seriously made. He, with his brother-in-law Emery, was interested in a number of other options in the neighborhood. No money was invested, and the time limit was not treated as essential, else why renew the request for the abstract two years afterwards? The second option to Strathers & Carr was made at the same price as the one to Emery. The market value of the property did not change until more than two years had elapsed. If Clark's conduct induced Regester to believe that he would not press his rights under the option and that the failure to furnish the abstract of title was aquiesced in by him, he cannot recover more than nominal damages. The evidence warrants the conclusion reached by the court: that Regester acted in good faith.

The plaintiff's right to recover more than nominal damages must be founded on the finding of the fact in his favor that he did not abandon his right to perfect his title in the coal. While abandonment is a matter of intention, the intention to abandon is a fact to be found from all the facts and circumstances of the case: Heath v. Biddle, 9 Pa. 273. A vested title cannot

ordinarily be lost by abandonment in a less time than that fixed
by the statute of limitations, unless there is satisfactory proof of
an intention to abandon: Venture Oil Company v. Fretts, 152
Pa. 451. The agreement in this case did not constitute a vested
title. Whether it was, as called by the parties, a buyer's option,
under which Emery or his assignee had the right of choice or
election to perfect his title to the coal under the conditions
stated, or whether it was a valid contract of sale in which the
relation, rights and obligations of both parties were definitely
fixed at the time of its execution (McMillan v. Phila. Co., 159
Pa. 142), the measure of damages to which the plaintiff is en-
titled is the same in case of a default induced or aquiesced in
by the plaintiff. The title was inchoate and unless the pur-
chase money was paid or secured (if abstract had been fur-
nished), the plaintiff could not demand the deed. If the ab-
stract was fraudulently refused, then the use plaintiff's title
became vested: Venture Oil Company v. Fretts, 152 Pa. 451.
The substantive fact is found, on sufficient evidence, in favor
of the defendant. The sole question raised by the statement
of the question involved is the measure of damages to which
the use plaintiff is entitled, and, under authority of Ebertz v.
Heisler, 12 Pa. Superior Ct. 388 and the cases therein cited,
the judgment is affirmed.