## Reynolds *v*. Callender, Appellant.

*Contracts—Executory contracts—Sale of specific shares of corporation—Measure of damages.*

The rule that " in executory contracts for the sale of goods not specific, the measure of damages for the refusal of the buyer to accept the same is the difference between the price agreed upon and the market value on the day appointed for delivery," does not apply to an agreement for the sale of certain specific shares of a corporation represented by a particular certificate. In such a case where the vendor has tendered the delivery of the particular shares of stock as required by the contract, he is entitled to the purchase price.

Argued Jan. 16, 1902. Appeal, No. 19, Jan. T., 1902, by defendant, from judgment of C. P. Lackawanna Co., Sept. T.,

1900, No. 912, making absolute rule for judgment for want of a sufficient affidavit of defense in case of G. F. Reynolds v. S. N. Callender.    Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Assumpsit to recover the contract price of certain shares of stock of a corporation.

The facts sufficiently appear by the opinion of the Superior Court.

*Error assigned* was the order of the court making absolute a rule for judgment for want of a sufficient affidavit of defense.

*W. S. Diehl*, of *Watson, Diehl & Kemmerer*, for appellant, cited : Coleman v. Clark, 14 W. N. C. 76 ; New Era Life Assn. v. McClellan, 19 W. N. C. 108.

*Clarence Ballentine*, with him *E. C. Newcomb*, for appellee, cited : Thompson v. Alger, 12 Metcalfe, 428 ; Thorndike v. Locke, 98 Mass. 340 ; Pearson v. Mason, 120 Mass. 53 ; Duchemin v. Kendall, 149 Mass. 171.

OPINION BY WILLIAM W. PORTER, J., March 14, 1902 :

The substantial question raised by this appeal is whether, under the written contract exhibited, the plaintiff is entitled to judgment for the full amount which the defendant contracted to pay for the shares of stock, or only for such damages as the plaintiff might be able to show had resulted to him from the failure of the defendant to perform his contract.    The appellant invokes the application of the rule that, " In executory contracts for the sale of goods not specific, the measure of damages for the refusal of the buyer to accept the same is the difference between the price agreed upon and the market value on the day appointed for delivery : ". Jones v. Jennings Bros. & Co., 168 Pa. 497 ; Unexcelled Fire Works Co. v. Polites, 130 Pa. 536.

The written contract in this case recites the sale by the defendant to the plaintiff of " a certificate of one hundred shares of The Arizona Eastern and Montana Smelting, Ore, Purchasing and Development Company," for $500.    It is then agreed that six months thereafter, on demand by the plaintiff, the de-

fendant shall pay the former $600, and that the plaintiff shall thereupon transfer to the defendant, or his appointee, "the said one hundred shares of stock." It was agreed further that at the expiration of the said six months, the plaintiff might at his option " keep and retain the said shares of stock, or sell, or transfer the same as above provided." Again it was agreed that should the plaintiff desire the defendant "to take the said shares of stock as provided at the end of six months," then fifteen days' previous notice should be given by the plaintiff if he should so desire that the defendant "should take the one hundred shares of stock as above provided." This contract manifestly dealt not with shares generally, but with certain specific shares, represented by a particular certificate. The rule of law above quoted in respect to the measure of damages has, therefore, no application, since it applies only in cases of sale of "goods not specific." The parties to the contract fixed a measure of damages for themselves, namely, the price to be paid for the specific shares contracted to be bought. It cannot for a moment be regarded as within the power of the plaintiff, under this contract, to compel the defendant to buy and pay for any other than the original shares. The plaintiff could not sell the original and buy others during the running of the contract, and then compel the taking of 100 out of any shares he might happen to have at the expiration of the six months. It was never in contemplation that the plaintiff might have the opportunity to sell the original shares at a profit, buy others, and then hold the defendant liable to buy the latter under the written contract.

The plaintiff having made tender of delivery of the particular shares of stock, as required by the contract, was entitled to the purchase price, since, as Mr. Justice CLARK admits, in Unexcelled Fire Works Co. v. Polites, supra, "the manifest tendency of the cases in the American courts now is to the doctrine that when the vendor stands in the position of a complete performance on his part, he is entitled to recover the contract price as his measure of damages." See also Guillon v. Earnshaw, 169 Pa. 471; Ballentine v. Robinson, 46 Pa. 179. While there seems to be no precedent in Pennsylvania in terms ruling the case at bar, yet the Supreme Court has indicated that there is a difference between contracts respecting specific shares of

stock and those for shares generally (see Wilson v. Whitaker, 49 Pa. 117); and between cases where there has been a formal tender of the stock to the purchaser and where there has not been such tender: Corser v. Hale, 149 Pa. 277.

But one other matter remains. The plaintiff has sued in assumpsit, and appends to his statement a copy of his contract. The defendant was bound to reply by affidavit. There is nothing in the affidavits filed which sets up any matter which should require the submission of the case to the jury.

The judgment is therefore affirmed.