# Williams Typewriter Company, Appellant, *v.* Cleaver.

*Contract—Alteration of written contract—Contract of sale—General and specific contract.*

1. Where a written contract for the purchase of typewriters is altered after the purchaser has signed it, by the insertion of serial numbers of the typewriters and by the addition of a schedule materially varying the terms of payment, the seller cannot enforce the agreement.

2. In such a case the insertion of the serial numbers in the contract, without the knowledge or consent of the purchaser, changes it from a general to a specific contract, and the change is very material because it gives the seller the right to sue for and recover the contract price for the typewriters if the purchaser refuses to take them, but without such insertion the recovery is limited to the difference between the price agreed upon and the market value on the day fixed for delivery.

*Evidence—Assignments of error—Appeals—Harmless error.*

3. Where the trial judge gives binding instructions in favor of the defendant because of material alterations made by the plaintiff in the contract in suit after the defendant had signed it, errors in ruling on what was or was not proper cross-examination, are harmless.

Argued Oct. 28, 1908.   Appeal, No. 92, Oct. T., 1908, by plaintiff, from judgment of C. P. Northumberland Co., Dec. T., 1904, No. 220, on verdict for defendant in case of The Williams Typewriter Company v. C. L. Cleaver, publisher of the " Daily News."   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit on a contract of sale.   Before AUTEN, J.
The opinion of the Superior Court states the facts.
Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* among others was in giving binding instructions for defendant.

*W. J. Sanders*, with him *P. A. Vought*, for appellant.—The insertion of the serial numbers did not add to or change the liability of the defendant, nor did it change the remedy, hence it was immaterial and did not avoid the contract laid down in Miller v. Reed, 27 Pa. 244; Express Pub. Co. v. Aldine Press, 126 Pa. 347.

An alteration is immaterial which does not change the legal effects of the instrument: Gardinier v. Sisk, 3 Pa. 326; Robertson v. Hay, 91 Pa. 242; Com. v. Emigrant Industrial Savings Bank, 98 Mass. 12; Elizabeth v. Force, 29 N. J. Eq. 587.

*L. S. Walter*, with him *W. B. Faust* and *F. E. Bucher*, for appellee.—With the serial numbers inserted into the agreement it becomes a contract for the purchase of specific typewriters and the plaintiff in such case would be entitled to recover the full purchase price as set out in the agreement: Reynolds v. Callender, 19 Pa. Superior Ct. 610; Jones v. Jennings, 168 Pa. 493; Miller v. Reed, 27 Pa. 244; Fulmer v. Seitz, 68 Pa. 237; Citizens' Nat. Bank of Baltimore v. Williams, 174

Pa. 66; Sunday v. Dietrich, 16 Pa. Superior Ct. 640; Alexander v. Buckwalter, 17 Pa. Superior Ct. 128; Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619; Unexcelled Fire-Works Co. v. Polites, 130 Pa. 536; Blair v. Ford China Co., 26 Pa. Superior Ct. 374.

OPINION BY MORRISON, J., February 26, 1909:

On December 16, 1903, the defendant entered into a written contract with the plaintiff for the purchase of three Williams typewriters, one roll-top desk and two eight-drawer desks for the sum of $405, payable four months after date, with the privilege of paying the same prior to maturity on mutually satisfactory advertising mileage to be renewed until used. The undisputed evidence shows that the agreement was executed in the borough of Mt. Carmel, Pennsylvania, and that the printed contract was presented by plaintiff's agent to the defendant for execution when the latter was about to take a train for Philadelphia, and he told plaintiff's agent that he did not have time to read the contract but would sign the same if the conditions of the contract were as stated by the agent, namely, that the advertising on account of which the said railroad mileage was to be secured was to be furnished and the transportation secured, by the plaintiff company. The defendant was informed by the agent of the plaintiff that such was the case and he signed the contract and immediately took the train for Philadelphia. The following day the defendant returned and read the contract he had signed. He then discovered that in accordance with its terms, he, the defendant, was not only to furnish the advertising matter and print the same, but was also to furnish transportation over the various railroads to the plaintiff company, in payment of the said typewriters and desks. He also discovered that the contract had been materially altered and changed; that prices for transportation as per a certain schedule had been attached to the original contract after the defendant had signed the same, which schedule of prices stated that the defendant was to furnish the transportation and gave a list of the roads over which transportation would be accepted,

and that serial numbers of typewriters had been inserted into the contract.  Upon the defendant's discovery of these material changes and alterations in the contract, he immediately wrote to the plaintiff company countermanding the order for the said typewriters and desks.  This letter was received by the plaintiff company but, nevertheless, the typewriters and desks were shipped to the defendant.  When the typewriters and desks reached Mt. Carmel the defendant refused to receive them and refused to pay for them, either in cash or railroad advertising mileage, and therefore this suit.

The plaintiff's declaration claims damages for the breach of the contract for the full value of the articles mentioned in the contract.

The undisputed evidence shows that after the contract was signed and delivered by the defendant to the plaintiff's agent, there was attached to the contract, without the defendant's knowledge or consent, an important schedule in reference to the prices for transportation and placing upon the defendant certain obligations not contained in the contract which he signed.  The contract when signed did not contain the serial numbers of the typewriters and these numbers were also inserted by the plaintiff's agent without the knowledge or consent of the defendant.  The effect of the latter was to make the contract refer to specific typewriters, whereas without these numbers inserted, it only referred generally to three Williams typewriters.  The learned court below was of the opinion, both at the trial and on the motion for a new trial, that the two alterations above referred to were material and in law relieved the defendant from the obligation of the contract.  Upon this ground, at the trial, the court directed a verdict for the defendant and, on the same ground, refused to set aside the verdict and grant a new trial.  The numerous assignments of error complain of this action of the court.  In our opinion, the learned court committed no error in withdrawing the case from the jury.

It cannot be doubted that the alterations in the contract were material, as they imposed obligations on the defendant of an important character, not embraced in the original con-

tract. The effect of inserting the numbers of the typewriters was to make the contract specific, and this would change the general rule as to the measure of damages arising out of a breach of the contract. The general rule that in executory contracts for the sale of goods not specific, the measure of damages for the refusal of the buyer to accept the same is the difference between the price agreed upon and the market value on the day appointed for delivery, does not apply to an agreement for the sale of certain specific shares of a corporation represented by a particular certificate. In such a case where the vendor has tendered the delivery of the particular shares of stock as required by the contract, he is entitled to the purchase price: Reynolds v. Callender, 19 Pa. Superior Ct. 610, and cases there cited.

In Jones et al. v. Jennings Bros. & Co., 168 Pa. 493, Mr. Justice McCollum, speaking for the Supreme Court, said: "In executory contracts for the sale of goods not specific, the measure of damages for the refusal of the buyer to accept the same is the difference between the price agreed upon and the market value on the day appointed for delivery." This language plainly implies that if the goods were specific the rule would be different.

Under the law, as we understand it, the insertion of the serial numbers in the contract, without the knowledge or consent of the defendant, changed it from a general to a specific contract, and the change was very material, because it gave the plaintiff the right to sue for and recover the contract price for the typewriters, but without such insertion the recovery would have been limited to the difference between the price agreed upon and the market value on the day fixed for delivery.

The case of Miller v. Reed, 27 Pa. 244, cited by counsel for appellant, is not in point. The alteration of the note in that case was not material because it conferred no new benefit upon the payee, nor did it impose any new obligation upon the payors. Several other authorities cited by the appellant in his paper-book are not in point as they relate to cases where the facts were in dispute, an assertion on the part of one party and a denial on the part of another, in such case the question could not be ruled as a matter of law.

In the present case there is no dispute of fact as to the insertion of the serial numbers after the contract was signed. Nor is there any dispute of fact that the schedule of prices was attached to the contract, after the defendant executed it, without his knowledge or consent. The contract which the defendant signed gave him the privilege of paying for the typewriters and desks with "mutually satisfactory advertising mileage." This was probably a valuable condition of the contract, but the schedule attached to the contract has the effect of nullifying the mutually satisfactory clause.

One who makes a voluntary, material and unauthorized alteration of a written contract cannot recover upon it: Fulmer v. Seitz, 68 Pa. 237; Hartley & Co. v. Corboy, 150 Pa. 23.

We held in Sunday v. Dietrich, 16 Pa. Superior Ct. 640, where the word "order" had been stricken out of a promissory note and the word "bearer" interlined, the note could not be admitted in evidence until evidence was introduced by the plaintiff explaining the alteration. See also Alexander v. Buckwalter, 17 Pa. Superior Ct. 128; Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619.

In the present case there was no attempt to explain, by competent evidence, the material alterations of the contract above referred to. Therefore, the court committed no error in directing a verdict in favor of the defendant.

Several of the assignments of error complain that the court permitted the defendant, when called for cross-examination, to be questioned on matters which were improper and which had not been touched upon by the witness in answer to questions put to him by plaintiff's counsel. The case was not submitted to the jury and, therefore, no harm was done by such testimony, conceding it to be improper. The binding instruction was given because the contract upon which the plaintiff declared was not the contract executed by the defendant.

The assignments of error are all dismissed and the judgment is affirmed.