## Vilsack *v.* Wilson, Appellant.

*Contract—Sale—Corporate stock—Repurchase—Demand to repurchase—Damages—Measure of damages.*

1. Where a seller of corporate stock agrees to repurchase the same at par within one year from the date of the sale, "unless sold before the expiration of said one year from the date hereof," the obligation upon the seller to repurchase the bonds, does not arise until the end of the year, and the purchaser has a reasonable time thereafter in which to demand a repurchase.

2. The general rule that the measure of damages for the buyer's refusal to accept goods, is the difference between the contract price and the market value, does not apply to the exchange of specific corporate stock at par value, for other property, with an agreement to repurchase the same at par.

*Appeals—New trial—Error of law.*

3. The granting of a new trial is properly subject to review when based upon an error of law.

Argued October 15, 1920. Appeal, No. 146, Oct. T., 1920, by defendant, from order of C. P. Allegheny Co., April T., 1918, No. 1800, granting new trial after verdict for defendant in case of Maurice Vilsack v. John S. Wilson. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Assumpsit for breach of contract. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant for $8,340.50.

78     VILSACK *v.* WILSON, Appellant.

The court granted plaintiff's motion for a new trial. Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*John A. Metz,* for appellant.—The measure of damages is the difference between the contract price and the market value of the stock at the time and place of delivery, with interest: Bole v. Fulton, 233 Pa. 609; Rhey v. Plank Road Co., 27 Pa. 261; Herd v. Thompson, 149 Pa. 434; Ballentine v. Robinson, 46 Pa. 177; Unexcelled Fire Works Co. v. Polites, 130 Pa. 536.

Leading cases, holding that an option must be accepted on or before the time mentioned in the agreement, are as follows: Brown v. Slee, 103 U. S. 828; Wilson v. Davis, 5 W. & S. 521; Butler v. Leighton Borough School Dist., 149 Pa. 351.

*W. L. G. Gibson,* with him *Robert J. Dodds, George D. Wick* and *Reed, Smith, Shaw & Beal,* for appellee.—The words of this contract "unless sold before the expiration of said one year from the date hereof" necessarily imply that defendant could not be required to repurchase until after the full year had expired: Weld v. Barker, 153 Pa. 465.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:

This is an action of assumpsit for balance claimed on sale of corporate stock. The parties hereto, at Pittsburgh, on October 30, 1916, entered into a written agreement for the exchange of certain real and personal property, by which the defendant Wilson, party of the second part, agreed to transfer to the plaintiff Vilsack, party of the first part, inter alia, bonds as follows, viz: "Twenty (20) six (6%) percent interest bearing bonds of the Duquesne and Dravosburg Street Railway Company, of the par value of Ten Thousand ($10,000.00) Dollars, which the party of the second part agrees to re-purchase

at said par value within One (1) year from the date hereof, unless sold before the expiration of said One (1) year from the date hereof, and also agrees to borrow for the said party of the first part, without his obligation, the sum of Seven thousand ($7,000.00) Dollars on said bonds, if the said party of the first part so desires." The bonds were delivered to plaintiff, but in December of the same year, at his request, defendant borrowed the $7,000 for plaintiff as agreed and pledged the bonds as collateral therefor. After the loan matured it was paid by defendant, who retained the bonds as his security. Before the end of the year named in the contract, a lady in plaintiff's employ (he being then in the army) had a telephone conversation with defendant, relating to the bond matter, but the evidence is conflicting as to whether it amounted to a demand on him to keep the bonds and pay plaintiff the remaining $3,000. However, she sent defendant a letter, in effect making such demand, which is dated November 2, 1917, and was received by him six days later. Plaintiff testified that about one month thereafter he had a personal conversation with defendant in which the latter promised to pay the $3,000, but that was denied. To the suit brought for the sum last above stated defendant denied his liability to repurchase the bonds and interposed the $7,000 loan, he had turned over to plaintiff, as a set-off. There was no evidence offered as to the market value of the bonds, and the trial judge directed the jury to find a verdict for the defendant for the $7,000. This was based on the ground that (a) a sufficient demand on defendant to repurchase the bonds was not made within the year, and (b) that plaintiff could recover only the difference between the contract price and market value of the bonds, which had not been shown. After argument, the court in banc held that the obligation upon defendant to repurchase the bonds did not arise until the end of the year and that plaintiff had a reasonable time thereafter in which to demand a fulfillment of the contract, and thereupon

granted his motion for a new trial; from which defendant brought this appeal.

The conclusion of the court in banc was sound; for it could not be determined until the end of the year that the bonds would not be sold to others, and, as defendant's duty to repurchase depended on the failure of such sale, a prior demand on him would have been premature (Weld v. Barker, 153 Pa. 465, 471), and plaintiff had a reasonable time after the end of the year in which to call upon defendant to accept and pay for the bonds. What is a reasonable time, if the facts are controverted, is for the jury, otherwise for the court: Swan v. Watertown Fire Ins. Co., 96 Pa. 37; Leaming v. Wise, 73 Pa. 173. There is nothing here to warrant the court in holding that plaintiff had lost his rights by delay. It is not necessary now to decide whether the agreement to repurchase amounted to an absolute contract at the end of the year or an option, which became absolute on plaintiff's acceptance (Markley v. Godfrey, 254 Pa. 99, 107; McMillan v. Phila. Co., 159 Pa. 142; Barton v. Thaw, 246 Pa. 348); for in either event the ruling of the trial judge was error.

It is, however, forcibly contended for defendant that such ruling was immaterial in view of the fact that plaintiff failed to prove damages, but we cannot sustain such contention. It is undoubtedly the general rule that the measure of damages for the buyer's refusal to accept goods is the difference between the contract price and the market value; but that rule does not apply to the sale of certain specific property at a fixed price—as in this case, to repurchase the identical twenty bonds at par value. In 14 Corpus Juris, pages 715, 716, it is stated that, "The general rule as to the measure of damages, where the buyer repudiates the contract and refuses to receive and accept the stock, is the difference between the contract price and the market value of the stock at the time and place of delivery . . . . . . Where, however, the sale is not one of a general character, but is a

sale by which the seller is to be paid a specified sum for specific stock, a transfer of which he tenders to the buyer, the measure of damages for the buyer's refusal to take such stock is the contract price, and not the difference between such price and the value of the stock at the time of the alleged breach of contract."

The law in this State as well as elsewhere is that where the vendor has tendered a delivery of the specific property, for example, stock or bonds, required by the contract, he is entitled to the agreed price: Reynolds v. Callender, 19 Pa. Superior Ct. 610; Williams Typewriter Co. v. Cleaver, 38 Pa. Superior Ct. 376; Pittsburgh Hardware & Home Supply Co. v. Bown (U. S. Circuit Court, Western Dist. Penna.), 174 Fed. 981. So far as we have found, the precise question has not heretofore been directly passed upon by this court, but in Unexcelled Fire Works Co. v. Polites, 130 Pa. 536, 546, Mr. Justice CLARK says, "Whilst the manifest tendency of the cases in the American courts, now, is to the doctrine that when the vendor stands in the position of a complete performance on his part, he is entitled to recover the contract price as his measure of damages, in the case of an executory contract for the sale of goods not specific, the rule undoubtedly is that the measure of damages for a refusal to receive the goods is the difference between the price agreed upon and the market value on the day appointed for delivery." See also Guillon v. Earnshaw, 169 Pa. 463, 471. In Ballentine v. Robinson, 46 Pa. 177, 179, Mr. Justice STRONG says, "It has sometimes been said the standard for measurement is the excess of the contract price over the market value. Yet where the subject of the sale is a specific article, where the contract has been so far completed as to pass the property in the article to the vendee, the possession being retained only because the price is not paid, there seems to be no good reason why the vendor should not be permitted to recover the agreed value." We have often held that in case of failure to deliver goods not

specific, the measure of damages is the difference between the contract price and the market value; but that rule does not apply to the sale of specific property at a fixed price. As defendant was in possession of the bonds, the question of tender is not involved.

The granting of a new trial is properly subject to review when based upon an error of law (Danboro & P. T. R. Co. v. Bucks Co., 258 Pa. 391; First Nat. Bk. v. Fidelity T. & Tr. Co., Admr., 251 Pa. 536), but no such error is here shown.

We express no opinion as to whether this case falls within the Sales Act of 1915.

The assignments of error are overruled and the order granting a new trial is affirmed.