**EVANS PRODUCTS COMPANY**

v.

**J. H. SWANGER et al.**

**Civ. A. No. 73–340.**

United States District Court,
E. D. Pennsylvania.

July 24, 1973.

Donn I. Cohen, York, Pa., for plaintiff.

Eugene R. Lippman, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In this action brought by a lessee-optionee against a lessor-optionor, plaintiff is seeking specific performance of a lease agreement containing an option to purchase the leased premises or, in the alternative, is seeking damages for breach of said agreement. Before the Court is defendants' motion to dismiss the complaint, which we shall treat as a motion for summary judgment.[1]

---

1. In considering a motion to dismiss, the complaint must be viewed most favorably to the plaintiff and the motion should not be granted unless it appears to a legal certainty that a cause of action cannot be maintained. Melo-Sonics Corp. v. Cropp, 342 F.2d 856 (3d Cir. 1965). The issue before the Court is solely a question of construction of a written agreement and there are no genuine issues of material fact. Accordingly, we will treat the instant motion as a motion for summary judgment.

Plaintiff argues that a motion to dismiss the complaint could not be granted, because the complaint alleges a lease agreement containing an option to purchase and a timely exercise thereof. Plaintiff, however, has attached the agreement to the complaint as an exhibit and where there is any inconsistency between averments in the complaint and exhibits, the latter prevail. Pennsylvania State Spiritualist Ass'n v. First Church of S. R. & H., 430 Pa. 527, 244 A. 2d 31 (1968). Moreover, where a case

The undisputed facts are as follows: On August 8, 1962, plaintiff's predecessor in interest, Seaboard Plywood and Lumber Company, entered into a written lease agreement with defendants. The lease related to a tract of land in the City of Lancaster, consisting of a one-story brick office building, a warehouse and certain other improvements. The term of the lease was for a period of five years with an option to renew for an additional five years, ultimately terminating on September 30, 1972. In addition, the lease agreement contained an option to purchase which is in issue in this action.

Paragraph 2 of the agreement contains the option to purchase and provides as follows:

"2. Tenant is given the option to purchase the demised premises at any time prior to September 30, 1967 for One Hundred Thirty Thousand ($130,000.00) Dollars and, if Tenant exercises Tenant's option to renew this lease for the second five-year term, at any time after September 30, 1967 and before September 30, 1972 at a price of One Hundred Forty Thousand ($140,000.00) Dollars, *upon the following terms and conditions*:

"(a) *Tenant shall give landlord notice of intention to exercise the option to purchase at any time* during the term of this lease and any extension or renewal thereof *prior to September 1, 1972*, and at the same time shall pay to landlord ten per cent (10%) of the purchase price as a down payment which payment shall be forfeited to landlord in case of default by tenant in the performance of tenant's contract to purchase.

"(b) Within three (3) months from the date of said notice but not later than September 30, 1972, tenant shall pay the balance of the purchase price to landlord who shall execute and deliver a deed of conveyance for the property to tenant or tenant's nominee (collectively hereafter referred to as 'Purchaser') and at the same time deliver possession of the demised premises.

\* \* \* \* \* \*

"(d) The conveyance shall not be made less than thirty (30) days after the effective date of the notice."

On June 14, 1967, plaintiff's predecessor in interest and defendant entered into an addendum to the lease agreement, renewing the lease for an additional five-year period and increasing the purchase price to $140,000.00. In addition, the addendum provided:

"(b) All other provisions of the original lease and addendum thereto shall remain the same except as modified above." [2]

By a series of assignments and mergers not relevant here, the plaintiff ultimately obtained a leasehold interest in the demised premises. On September 22, 1972, plaintiff notified defendants in writing of its exercise of the option to purchase and tendered an amount in excess of ten per cent of the purchase price as a down payment. Defendant refused to accept the tender and still refuses to make the conveyance.

Plaintiff alleges that its written notice of September 22, 1972, was a timely and proper exercise of its option to purchase. Thus, the issue before the Court is whether, under the terms and conditions of the lease agreement, plaintiff's written notice of September 22, 1972, constituted a timely and proper notice of its intention to exercise the option to purchase.

In McMillan v. Philadelphia Co., 159 Pa. 142, 28 A. 220 (1893), the Penn-

rests entirely upon uncontradicted documentary evidence with no reliance on oral testimony, the issue is for the Court to determine as a matter of law. Trans-Fuel Inc. v. Saylor, 440 Pa. 51, 57, 269 A.2d 718 (1970).

2. The addendum referred to above was entered into on September 10, 1962, and concerned the rights of the parties in the event the demised premises were taken by right of eminent domain."

sylvania Supreme Court defined an option as follows:

"An option is an unaccepted offer. It states the terms and conditions on which the owner is willing to sell or lease his land, if the holder elects to accept them within the time limited. If the holder does so elect, he must give notice to the other party, and the accepted offer thereupon becomes a valid and binding contract. If an acceptance is not made within the time fixed, the owner is no longer bound by his offer, and the option is at an end." 159 Pa. at 144, 28 A. at 220.

In Barton v. Thaw, 246 Pa. 348, 92 A. 312 (1914), the Court added:

"An option is not a sale. It is a right of election in the party taking the same to exercise a privilege, and only when that privilege has become exercised by acceptance in the manner specified in the agreement does it become an absolute contract, binding upon both parties." 246 Pa. at 356–357, 92 A. at 314.

Moreover, the Court has uniformly held that where there is an option to purchase, time is of the essence and failure to comply within the time limitations set forth in the agreement operates to terminate the option. See Barnes v. REA (No. 2), 219 Pa. 287, 295, 68 A. 839 (1908). Thus, we must examine the agreement in question to determine whether plaintiff complied with the notice provision of the contract.

■■■ Paragraph two grants the tenant an option to purchase " *  *  * at any time  *  *  * before September 30, 1972  *  *  * upon the following terms and contions:" The first condition pertains to the requirement of notice and provides, in pertinent part, as follows: "(a) *Tenant shall give Landlord notice of intention to exercise the option to purchase at any time* during the term of this lease and any extension or renewal thereof *prior to September 1, 1972  *  *  ** ". Thus, although Paragraph 2 ostensibly creates an option to

purchase through September 30, 1972, Paragraph 2(a) limits the exercise of that option to the extent that notice of the intent to exercise that option must be given prior to September 1, 1972. Since notice of the intent to exercise the option was not given within the time limitation specified in the agreement, the option had expired by the terms of the agreement and the notice of September 22, 1972, was of no effect.

■■■ This conclusion is supported by the entire agreement taken as a whole. Paragraph 2(b) provides that "Within three (3) months from the date of said notice but not later than September 30, 1972, tenant shall pay the balance of the purchase price to landlord *  *  * ". If we were to accept plaintiff's construction that notice could be given until September 30, 1972, such a construction would render not only the notice provision in paragraph 2(a) useless, but also would render the above quoted paragraph inexplicable. Paragraph 2(d) provides that "The conveyance shall not be made less than thirty (30) days after the effective date of the notice". If plaintiff had until September 30, 1972, to give his notice, the clear requirements of Paragraphs 2(b) and 2(d) would not be satisfied. In reading the option provisions as a whole, we have sought to give effect to all parts of the agreement and an interpretation which gives a reasonable meaning to all provisions, rather than a construction which would leave a portion of the writing useless or inexplicable. *See* Williston on Contracts, Third Ed., § 619, p. 731. In contract interpretation, it is axiomatic that if it is reasonably possible, provisions of the agreement should be so read as not to be in conflict with one another. Keystone Fabric Laminates, Inc. v. Federal Ins. Co., 407 F.2d 1353, 1356 (3d Cir. 1969).

Plaintiff's principal argument suggests that the language "prior to September 1, 1972" in paragraph 2(a) should be read to modify the words that immediately precede it; i. e., "any extension or renewal thereof". Thus, un-

der such a construction, thirty days' notice need be given only where the tenant intends to exercise its option to extend or renew the lease. It is paragraph 1, however, that is concerned with the tenant's right to renew. Paragraph 2 and its various subsections are concerned solely with the option to purchase. Moreover, we fail to perceive the "obscurity" or "superficial conflict" which plaintiff attributes to Paragraph 2 and its subsections. Paragraph 2 grants the tenant the option to purchase, subject to the conditions and limitations set forth in the subsequent subsections, one of which is the giving of notice prior to September 1, 1972.

Plaintiff's final argument is that the ambiguity in the lease should be construed most strongly against the landlord and in favor of the tenant. Burns v. N & L Realty Corp., 174 F. Supp. 767 (W.D.Pa.1959); Larsh v. Frank & Seder of Pittsburgh, Inc., 347 Pa. 387, 32 A.2d 219 (1943); McClintock & Irvine Co. v. Aetna Explosives Co., 260 Pa. 191, 103 A. 622 (1918). As previously mentioned, we do not find a sufficient conflict or ambiguity to invoke the application of this rule. Moreover, we are now dealing with a buyer-seller relationship, rather than a landlord-tenant relationship, thereby rendering the rule inapplicable.

In summary, we have construed the lease agreement in question to give effect to all of its provisions and to avoid any conflict between those provisions. Keystone Fabric Laminates, Inc. v. Federal Ins. Co., *supra*. We conclude that Paragraph 2 grants the tenant an option to purchase the demised premises prior to September 30, 1972, on the terms and conditions set forth in the succeeding subparagraphs. Paragraph 2(a) provides that the tenant shall give notice of its intention to exercise the option to purchase prior to September 1, 1972. In failing to do so, the option to purchase was terminated according to its terms, and plaintiff's subsequent notice given on September 22, 1972, was without ef-

fect. Accordingly, treating defendants' motion to dismiss the complaint as a motion for summary judgment, said motion will be granted.